Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of FRANCESCO ARCANGELO, Respondent, for Compensation under the Workmen's Compensation Law, *v.* GALLO & LAGUIDARA, Employer, and THE ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LIMITED, Insurance Carrier, Appellants.

Third Department, March 7, 1917.

Workmen's Compensation Law — closing of case before determination with reasonable definiteness of final result of injury — right of employer and insurance carrier to further hearing — Compensation Law, section 20, construed.

Where, in a proceeding before the State Industrial Commission to obtain an award for injuries to the eye of a claimant it appears that the condition of the eye will continue to improve, but will probably never be better than

20/70 or 20/50 and this will not be reached under one to three years; that the final result of the injury is uncertain, and that the first hearing was held in April and the fourth hearing in September of the same year, at which the case was closed, in disregard of the protest of the employer and insurance carrier, the case should be remitted to the Commission and such further hearings had as may be necessary in order to determine the final result of the injury with reasonable definiteness.

Section 20 of the Workmen's Compensation Law, under which either party upon application is entitled to a hearing, is not complied with by the giving of one or more hearings, when additional hearings are necessary for the proper determination of the claim.

The question as to whether a proceeding should be continued or closed is one involving not only the exercise of discretion, but also a substantial right, the denial of which is prejudicial.

APPEAL by the defendants, Gallo & Laguidara and another, from an award of the State Industrial Commission, entered in the New York city office of said Commission on the 28th day of September, 1916.

*Alfred W. Andrews* [*John N. Carlisle* of counsel], for the appellants.

*Egburt E. Woodbury,* Attorney-General [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to the State Industrial Commission, for the respondents.

LYON, J.:

The claimant was injured in the city of New York March 2, 1916, by a drop of plaster falling in his right eye while plastering a ceiling. He thereupon presented a claim for compensation under the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41, as amd.). The claim came on for hearing before a Deputy Commissioner April twenty-seventh, June fifteenth and August third, at each of which times an award was made, and the case continued, the awards of the two earlier dates being at the rate of fifteen dollars per week. The fourth and final hearing was had and the case closed September 28, 1916. In July, 1916, at the suggestion of the medical division of the bureau of claims of the Commission, an examination of the claimant's eyes was made by an eye

specialist, who made a report to the Commission known as the "Weeks report." In this report were the following statements: "Vision 5/200. Eyes not painful, not inflamed. Interior of eye normal. Fields of vision complete. Left eye normal. Vision 20/20. The condition of the right eye will continue to improve but it will probably never be better than 20/70 or 20/50, and this will not be reached under one to three years. As vision of 20/40 at least is necessary to engage in the orderly vocation of life, you can readily see that this eye has lost at least three fourths of its value."

Thus it will be seen that the "Weeks report" did not warrant the conclusion that there had been a permanent total loss of vision, but upon the other hand its statement that the eye would improve tended to negative that conclusion. At the August hearing the Deputy Commissioner assumed that the "Weeks report" was to the effect that the vision of the right eye would never be over 20/70; and he held that a vision reduced to that was no sight at all, and was the loss of the eye. The proceedings had at the hearing before the Deputy Commissioner September twenty-eighth appear in the record on appeal as follows: Attorney for employer and insurance carrier: "This is an eye case, and I believe it is proposed to make an award for loss of the eye, and I object to that award. We will agree to an award for two-thirds loss of the eye with the understanding that if the eye gets worse he can claim the balance." Deputy Commissioner to claimant (through interpreter): "The insurance company proposes to pay you for two-thirds loss of your eye, or 85⅓ weeks' compensation, with the understanding that if your eye gets worse you can then claim the balance up to 128 weeks, the full compensation allowed by law for loss of an eye. Are you willing to settle on that basis?" Claimant (through interpreter): "I can't see out of that eye at all." Deputy Commissioner: "We will make the award for the loss of use of eye. There is no question about it at all, according to Dr. Weeks' report on file. We will change the rate to $20.00. Award made of 103 weeks, balance of award for loss of eye, at $20.00 per week, and case closed; present payment $185.00 and balance payable bi-weekly."

The award of 103 weeks was evidently inadvertently made as, with the previous awards, it gave compensation for 131 weeks.

Under the same date, September 28, 1916, an award was made by the Commission of twenty dollars per week for 128 weeks for the equivalent of the loss of an eye, the Commission finding that the injury "has left him a vision rated at 5/200, which is practically no vision. The possible improvement to the eye is not greater than to a point twenty-five per cent of normal vision. Francesco Arcangelo has permanently lost the use of the right eye by reason of said injury."

It is a matter of common knowledge that the possession of two-fifths, two-sevenths or even of one-fourth vision is of much value. While the attending physician's report of April 3, 1916, stated that the claimant could count figures at one foot, and the irresponsive statement before quoted of the claimant September twenty-eighth, not under oath, was that he could not see out of his eye at all, it is plain from the record that the decisions both of the Deputy Commissioner and of the Commission were based upon the "Weeks report," and upon the conclusion that the loss of seventy-five per cent of the vision entitled the claimant to an award for the permanent loss of the use of the eye instead of for impaired vision. In *Matter of Grammici* v. *Zinn* (219 N. Y. 322, 325) the court said: "In the case at bar, the hand, or the use of it, was not lost, provided it could fulfill, in a degree fair and worth considering, in any employment for which the claimant was physically and mentally fitted or adaptive, its normal and natural functions."

In view of the positive statement in the "Weeks report" that the condition of the eye would continue to improve, although it would probably not be better than 20/70 or 20/50 which would be reached under one to three years, and of the conceded uncertainty as to the final result of the injury, the case should not have been closed September twenty-eighth in disregard of the protest of the appellants, but should have been continued at convenient intervals of perhaps two or three months each until the final result of the injury could be determined with reasonable definiteness. The total of the award was $2,560, the payments extending over a period of practically two years after the case was closed. Much improvement might occur

during that period. The difference between a vision of 20/50, stated in the " Weeks report " as the probable limit of improvement, and 20/40, stated therein to be necessary in the orderly vocation of life, is not great. The claimant was but thirty-four years of age, of a rugged nationality, and if we may judge from his earning capacity, a man of robust health and strength. It is a matter of common experience that assumptions, even by renowned experts in their professions, as to the extent and duration of physical ailments, frequently prove very uncertain and unreliable.

The continuance of the case would have been no great hardship to the claimant, the hearings being had in the city in which he resided. While receiving payments of twenty dollars per week founded upon the measure of his disability, he could not reasonably have objected to the employer and insurance carrier having occasional fixed opportunities to investigate as to the continuance and extent of his disability. At such times the Commission had the right to require the claimant to submit himself for medical examination, and the appellants would be entitled to have physicians of their own selection to be paid by them present to participate in such examination. The refusal of the claimant to submit himself to examination would have suspended his right to prosecute the proceeding or to receive compensation during the period of such refusal. While the Commission would yet have the power to require the claimant to submit to a medical examination, it may well be doubted whether having closed the case, the Commission would do so except upon an application to review the award founded upon some proof of a change in the extent of claimant's vision, which proof it would be very difficult if not impossible to get except by claimant's admissions of improvement, or by his voluntary submission to an examination by an eye specialist, neither of which the appellants could probably obtain.

Under section 20 of the Workmen's Compensation Law either party upon application is entitled to a hearing. I do not think this provision of the law is complied with by the giving of one or more hearings, when additional hearings are necessary for the proper determination of the claim, but requires the giving at convenient times upon request, of such hearings

as may be necessary for the determination with reasonable certainty of the material matters involved. The question as to whether the proceeding should be continued or closed was one involving not merely the exercise of discretion, but involving as well a substantial right of the appellants, the denial of which was prejudicial to them and imposed upon them a burden which the statute did not contemplate should be placed upon them.

The award should be reversed and the proceeding remitted to the Commission to the end that the matter may be reopened, and such further hearings had as may be necessary in order to determine with reasonable certainty the extent and permanency of the injury to claimant.

All concurred.

Award reversed and proceeding remitted to the Commission to the end that it may be reopened and such further hearings had as may be necessary in order to determine with reasonable certainty the extent and permanency of the injury to claimant.