Before STATE INDUSTRIAL BOARD, Respondent.
WILLIAM ARNOLD, Respondent, v. S. R. MFG. Co. and Another, Appellants.

Third Department, March 5, 1924.

Workmen's compensation — loss of binocular vision not equivalent to loss of one eye under Workmen's Compensation Law, § 15, subd. 3, prior to amendment by Laws of 1920, chap. 532 — amendment not retroactive.

An award for the loss of one eye made to an employee who lost binocular vision through injuries received on October 31, 1919, cannot be sustained, since under subdivision 3 of section 15 of the Workmen's Compensation Law prior to the amendment thereof by chapter 532 of the Laws of 1920, the loss of binocular vision did not constitute the permanent loss of an eye and the said amendment is not retroactive.

20

APPEAL by the defendants, S. R. Mfg. Co. and another, from a decision and award of the State Industrial Board, entered in the office of said Board on the 19th day of April, 1921, affirming a prior award.

*William H. Foster*, for the appellants.

*Carl Sherman*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

McCANN, J.:

An award has been made to claimant William Arnold for injuries which he received on October 31, 1919, while working in the plant of his employer, the S. R. Mfg. Co. The findings are to the effect that the claimant sustained " injuries in the nature of a wound to the right temple, as well as injury to the right shoulder and arm, which injury to the right shoulder and arm resulted in the loss of use of ten per cent of the right arm, and for which an award of compensation has been made and paid."

It is also found that in " January, 1920, the claimant noticed that the sight in his right eye was failing. It continued to grow worse. A Wasserman test was taken and it proved positive thereby denoting the presence of a specific condition, namely, syphilis." The findings further state that " claimant was suffering from divergence (outer rotation) of the right eye due to paralysis of some of the muscles of the eye and also ptosis of the upper eyelid due to the paralysis of the muscles of the upper eyelid, which are both supplied by the same nerve, namely, the third cranial nerve. In consequence of the divergence of the said right eye, claimant has sustained the *loss of binocular vision*." Also that " The injuries which claimant sustained on October 31, 1919, so lighted up and activated his latent syphilitic condition as to cause claimant to sustain the loss of binocular vision, the loss of binocular vision being the direct result of the injuries sustained on October 31, 1919."

The language of the award is that the same is made " for the loss of one eye." Appellant claims: *First*, that the loss of binocular vision was not caused by the injury in question; *second*, that, assuming that such loss did so occur, there is no evidence that the loss of binocular vision is the loss of vision; *third*, that the allowance made for the loss of the total eye was the result of the retroactive application of an amendment to the statute. It is not necessary to discuss the first proposition although it might be said there is very slight proof that the claimant's limited vision was due to any traumatism. The second proposition raised by appellants is that there is no proof that the loss of binocular vision is the loss of

vision. There is no proof to that effect. The third proposition raises the question of the change in the statute. The law in effect at the time this accident occurred which is applicable to this case was subdivision 3 of section 15 of the Workmen's Compensation Law of 1914 (as amd. by Laws of 1916, chap. 622, and Laws of 1917, chap. 705) which read as follows: " Permanent loss of the use of a hand, arm, foot, leg, eye, thumb, finger, toe or phalange, shall be considered as the equivalent of the loss of such hand, arm, foot, leg, eye, thumb, finger, toe or phalange."

Chapter 532 of the Laws of 1920, which became effective on May 5, 1920, added a clause as follows: " The loss of eighty per centum of the vision of the eye shall be considered to be the equivalent of the loss of the use of the eye and the loss of binocular vision shall be considered to be equivalent to the loss of one eye."

The testimony in the case shows a loss of binocular vision but not the loss of an eye. The language of the statute as it existed at the time of the accident, and the amendment made subsequent to the accident are quoted above. It is quite evident that the commissioner believed that the loss of eighty per cent binocular vision was equivalent to the loss of an eye and that the new statute was applicable. Under the decisions before the amendment, the loss of binocular vision did not constitute the loss of vision of an eye. It was so held in *Frings* v. *Pierce-Arrow Motor Car Co.* (182 App. Div. 445). It is sufficient to quote the headnote: " A claimant whose injured eye is rendered normal by the use of a glass, but can only be used by closing and not using the other eye, has not sustained a permanent loss of the use of an eye, within the meaning of subdivision 3 of section 15 of the Workmen's Compensation Law."

That case distinguishes the expressions " loss " and " loss of the use." (See, also, *Arcangelo* v. *Gallo & Laguidara*, 177 App. Div. 31; also *Matter of Boscarino* v. *Carfagno & Dragonette*, 220 N. Y. 323, where under the law in existence prior to the amendment of 1916, which was similar to the law in force in 1919, the State Industrial Commission awarded compensation for the loss of the use of the right eye.) The court held that where there was still vision it could not be said that the claimant had lost the use of the eye, and in quoting from *Matter of Grammici* v. *Zinn* (219 N. Y. 322) the court said: " ' The hand, or the use of it, was not lost provided it could fulfill, in a degree fair and worth considering, in any employment for which the claimant was physically and mentally fitted or adaptive, its normal and natural functions.' " Also: " Here the claimant can make use of the sight remaining in his right eye in many ways. He may not be able to follow any voca-

tion which requires reading or other relatively fine work, as the evidence is, but he can pursue some calling similar to that in which he was engaged when injured. If in the future the impairment of the claimant's vision should increase, the law gives the Industrial Commission the power to reconsider the award." In that case the claim was remitted for further consideration. In *Borgsted* v. *Shults Bread Co.* (180 App. Div. 229) it is held: " To constitute an injury resulting in total disability by reason of the loss of eyesight, it must be shown that the eyesight was destroyed by the injury or that the injury produced ' such disease or infection ' as resulted in the loss of the eyesight; the injury must be ' an accidental injury ' and ' such disease or infection as may naturally and unavoidably result therefrom.' "

It was clearly established that the loss of binocular vision is not the permanent loss of the eye or the loss of the total eye under the law in effect at the time of the accident in question. The amendment cannot be made retroactive to apply to the award in this case. (*Draper* v. *Draper & Sons, Inc.*, 201 App. Div. 770; *Drothleff* v. *Union News Co.*, 207 id. 86.)

The award should be reversed and the matter remitted to the State Industrial Board for such further action as the Board may deem advisable consistent with the opinion herein.

All concur.

Award reversed and matter remitted to the State Industrial Board, with costs against the State Industrial Board.