In the Matter of the Claim of EMANUEL GRAMMICI against SIMON ZINN et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law** — award for loss of hand — facts examined and held that the injuries proved do not constitute the loss of the hand or the use of it within the meaning of the law.

Under conditions making the Workmen's Compensation Law (Cons. Laws, ch. 67, § 15, subd. 3) applicable to the injuries, claimant lost the first, second and third fingers and the first phalange of the fourth finger of his right hand. There was evidence which tended to prove that neither the hand nor the use of it was lost and there was no contradiction thereof unless it be the testimony of two physicians to the effect that the hand was useless in claimant's vocation. *Held*, that the evidence is not contradictory; that if the injuries barred the claimant from the occupation or vocation in

which he was engaged when injured that fact does not, in and of itself, tend to prove that the hand or the use of it was lost; and that it is not within the letter or the spirit of the law or the legislative intention that an injury incapacitating an employee for the particular employment should establish that he was incapacitated for any employment permitting or involving the use of the limb or member as injured.

*Matter of Grammici* v. *Zinn*, 173 App. Div. 922, reversed.

(Argued October 9, 1916; decided November 28, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 15, 1916, affirming an award of the State Industrial Commission under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*William Butler* for appellants.    There was no evidence supporting the finding and award of the commission, of August eighteenth, allowing claimant for the entire loss of use of the hand. (*Matter of Rockwell* v. *Lewis*, 168 App. Div. 674.)

*Egburt E. Woodbury, Attorney-General* (*E. C. Aiken* of counsel), for respondent.

COLLIN, J.    The claimant was awarded compensation at the rate of $5.77 weekly for a period of 244 weeks, for the equivalent of the loss of a hand.    The Appellate Division by a decision not unanimous affirmed the award.

The Workmen's Compensation Law (Cons. Laws, ch. 67), in subdivision 3 of section 15, provides three rates of compensation relating to the hand.    The compensation shall be sixty-six and two-thirds per centum of the average weekly wages and shall be paid to the employee for (1) the loss of a thumb, sixty weeks; the loss of a first finger, forty-six weeks; the loss of a second finger, thirty weeks; the loss of a third finger, twenty-five weeks; the loss of a fourth finger, fifteen weeks; the loss of the first

phalange of the thumb or finger shall be considered to be equal to the loss of one-half of such thumb or finger, and compensation shall be one-half of the specified amount; the loss of more than one phalange shall be considered as the loss of the entire thumb or finger; (2) the loss of a hand, two hundred and forty-four weeks; (3) permanent loss of the use of a hand shall be considered as the equivalent of the loss of such hand. The commission originally awarded one hundred and eight and one-half weeks in accordance with the first rate. Subsequently this determination was vacated and the third rate of two hundred and forty-four weeks was awarded. The appellants assert and argue that, under the facts, the first rate should have been awarded.

Under conditions making the Compensation Law applicable to the injuries, the claimant lost the first, second and third fingers and the first phalange of the fourth finger of his right hand. The evidence of the appellants tended to prove that neither the hand nor the use of it was lost. The evidence came from two physicians and three laymen. There was no contradiction of it unless the statement of a physician that "the hand is useless in his vocation," and that of another physician: "from vocation point of view, I consider this deformity equivalent to the loss of the use of a hand," constitute contradiction. In those statements, there was no contradiction. The fact, if it existed, that the injuries barred the claimant from the employment or the particular occupation or vocation he was engaged in when he received them does not, in and of itself, tend to prove that the hand or the use of it was lost. It is not within the letter or spirit of the law or the legislative intention that an injury to a limb or member of an employee incapacitating him for the particular employment should establish that he was incapacitated for employment permitting or involving the use of the limb or member as injured. It is a matter of common observation and knowledge that a

hand, arm, foot or leg incompetent, through injury, for certain employments is competent and useful for other employments. The expressions, "loss" and "loss of the use," as used in the law, should be given their unrestricted and ordinary meaning. In the case at bar, the hand, or the use of it, was not lost, provided it could fulfill, in a degree fair and worth considering, in any employment for which the claimant was physically and mentally fitted or adaptive, its normal and natural functions. In case the hand was destroyed by amputation, directly or indirectly caused by the injuries, to such an extent that it could not thus fulfill its natural functions, it was, within the purview of the law, lost. (*Sneck* v. *Travelers Ins. Co.*, 88 Hun, 94; affd., on opinion below, 156 N. Y. 669.) While the loss of a hand necessarily involves the loss of the use of it, the loss of the use of a hand does not involve the actual loss of the hand as a physical member — a distinction the law recognizes and observes. The question here was whether the first or second rate of compensation should be awarded. The uncontradicted evidence established that the hand was not lost and that the first rate should be awarded.

The order appealed from should be reversed and the original award of one hundred eight and one-half weeks reinstated and affirmed, with costs to the appellants against the commission.

HISCOCK, CHASE and CUDDEBACK, JJ., concur; HOGAN and CARDOZO, JJ., dissent; WILLARD BARTLETT, Ch. J., not voting.

Order reversed, etc.