Before State Industrial Commission, Respondent.

In the Matter of the Claim of William Cobb, Respondent, for Compensation under the Workmen's Compensation Law, *v.* Library Bureau, Employer, and Ætna Life Insurance Company, Insurance Carrier, Appellants.

Third Department, December 28, 1916.

Workmen's Compensation Law — injury equivalent to loss of hand — decision of Industrial Commission resting entirely upon reports.

Where an employer's report of an injury states that the employee lost "probably all of his left hand" and the attending physician's report states that "he has lost practically one hand" and these facts are not contradicted by the employer, the State Industrial Commission is warranted in making an award for the permanent loss of the use of a hand, such loss of use under the statute being equivalent to the loss of the hand itself, where the injured person had only a thumb and part of the metacarpal bone of the first finger remaining.

Where the case before the State Industrial Commission rests entirely upon the reports of the parties and no testimony is taken, the Commission is justified in accepting the reports as true and the Appellate Division will not review the determination of the Commission upon the question of fact.

APPEAL by the defendants, Library Bureau and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 22d day of April, 1916.

*William H. Foster,* for the appellants.

*Egburt E. Woodbury, Attorney-General [E. C. Aiken* of counsel] and *Robert W. Bonynge,* counsel for State Industrial Commission, for the respondents.

KELLOGG, P. J.:

The only question is whether the injured employee is entitled to compensation as for the loss of a hand. The Commission finds he lost "all the fingers of his left hand except the thumb, and including the entire metacarpal bones of the middle, ring and little finger, and the major portion of the metacarpal bone of the index finger, thereby removing the entire palm from the hand, by reason of which injuries William H. Cobb has permanently lost the use of the left hand."

In the employer's report of the accident it states that the left hand was badly lacerated. In answer to the question, "Did injury cause loss of any member or part of member?" it answered, "yes;" to the question "if so, describe exactly?" it answers "probably all of his left hand. (See doctor's report.)"

In the employee's report he states the nature and extent of the injury as the loss of four fingers and most of the palm of the left hand. In the attending physician's report he is asked: "Is he able to attend to any part of present or any other occupation?" He answered, "he has lost practically one hand; otherwise is all right for work. Has the injury resulted in a permanent disability? A. Yes. Q. If so, what? A. Loss of a hand."

No testimony was introduced before the Commission, but the case rested upon these reports. If in any respect the reports were exaggerated or the facts were not fully. and correctly stated, the appellants had an opportunity to show what the facts were. In the absence of any other evidence as to the nature of the injury, it is fair to conclude that the reports put the matter in as favorable a condition as the appellants could expect under the circumstances. The law provides that the permanent loss of the use of the hand is equivalent to the loss of the hand.

We find nothing in *Matter of Grammici* v. *Zinn* (219 N. Y. 322) or in *Matter of Kanzar* v. *Acorn Manufacturing Co.* (Id. 326), recently decided by the Court of Appeals, contrary to the award.

In the *Grammici* case the employer and insurance carrier produced evidence tending to prove that neither the hand nor the use of it was lost. The Court of Appeals concluded there was no contradiction to this testimony, and that, therefore, the finding that the claimant had lost the use of his hand was unsupported by evidence and was error of law.

In the *Kanzar* case no evidence was produced before the Commission; the case rested upon the reports, and the court determined that there was nothing in the reports tending to show that the claimant had lost the use of the hand.

We view these cases as holding only that it is error as matter of law to determine that the loss of two or more fingers is the loss of the use of the entire hand, when there is no evidence to show that the hand is useless. The reports presented a question

of fact for the Commission to pass upon, and in the absence of any contradiction the Commission was justified in accepting the statements as true. We cannot review its determination upon a question of fact. The award should be affirmed.

Award unanimously affirmed.