Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JAMES W. CARKEY, Respond-ent, for Compensation under the Workmen's Compensation Law, v. ISLAND PAPER COMPANY, Employer, and THE FIRST MUTUAL LIABILITY INSURANCE COMPANY OF NEW YORK, Insurance Carrier, Appellants.

Third Department, March 7, 1917.

Workmen's Compensation Law — award — loss of left forearm and portions of fingers of right hand — injury of infant capable of earn-ing advanced wages — computation of average weekly earnings.

Where an employee, eighteen years of age, engaged in a hazardous employment, received injuries which required the amputation of the left arm between the wrist and elbow and also resulted in the loss of the second and third fingers of the right hand and of two phalanges of the index and little fingers of the right hand, it was error for the Industrial Commission to make an award based upon a finding that the claimant suffered a total and permanent loss of the use of the right hand, where it appears that he could use said hand to pick up articles the size of a lead pencil, could write his name and could partially dress himself with said hand. Under the circumstances the award should have been made, not for the total loss of the right hand on the theory that there was a permanent loss of the use thereof, but the award should have been made for permanent *partial* disability.

Although said infant, having recently begun his work, was, at the time of the injury, only earning one dollar and sixty cents a day, the Industrial Commission was justified in basing his compensation on an earning capacity of two dollars and fifty cents a day where the evidence of his employer shows that he was a bright lad, a good and willing worker and that he had good chances of advancement which would have enabled him to earn the higher wage. Subdivision 5 of section 14 of the Workmen's Compensation Law provides that the expected increase in the earnings of a minor may be considered in arriving at his average weekly wages.

APPEAL by the defendants, Island Paper Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 3d day of November, 1915, and also from an award and decision of said Commission entered in the office of said Commission on the 14th day of September, 1916, denying the application of the appel-lants to reopen and modify the original award herein.

*Robert A. Inch* and *M. J. Wright* [*George H. Jamison* of counsel], for the appellants.

*Virgil K. Kellogg,* for the claimant, respondent.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to the Commission, for the respondent State Industrial Commission.

Lyon, J.:

In July, 1914, the claimant, then eighteen years of age, sustained accidental injuries arising out of and in the course of a hazardous employment resulting in the amputation of his left arm between the wrist and elbow, and of the whole of the second and third fingers, and of two phalanges of the index and little fingers of his right hand. In October, 1914, the State Workmen's Compensation Commission awarded him compensation for 244 weeks for the loss of his left hand, and 116 weeks for the loss of the four fingers of his right hand, the rate of compensation being based upon his then daily earnings of one dollar and sixty cents, or an average weekly wage of nine dollars and twenty-three cents. In November, 1915, upon application of the claimant, the State Industrial Commission reconsidered the decision of the State Workmen's Compensation Commission, and determined that the injuries to the right hand had resulted in the permanent loss of the use of the hand, and made an award for total permanent disability. The Commission also in view of the fact that under normal conditions, claimant's average daily wages would be expected to increase, fixed them for the purposes of making an award of compensation at two dollars and fifty cents per day, or at an average weekly wage of fourteen dollars and forty-two cents. Thereupon, this appeal was taken upon the grounds that the claimant's injuries did not constitute total permanent disability; and that the award was excessive as based upon such anticipated increase in the average daily and weekly wage.

The correctness of the award for total permanent disability depends upon whether the claimant can be said to have lost

both hands, the permanent loss of the use of the right hand, if it exists, being considered the loss of the hand. Upon the hearing before the Commission it appeared that the claimant had some use of his hand, that he could pick up a lead pencil, but nothing much smaller; could write his name, and could dress himself except putting on his collar and tie. While the Commission was fully warranted in making the decision which it did under the statute as then construed, clearly under the recent decisions in *Matter of Grammici* v. *Zinn* (219 N. Y. 322), and *Matter of Kanzar* v. *Acorn Mfg. Co.* (Id. 326), which have been made since the decision of the State Industrial Commission, the claimant cannot be said to have lost his right hand. Hence, making an award for total permanent disability was not justified, but the award should have been made for permanent partial disability. In this respect, therefore, the award must be reversed.

As to the right of the Commission to make an anticipatory award, the holding of the State Industrial Commission was undoubtedly correct. While subdivision 9 of section 3 of the Workmen's Compensation Law defines "wages" as meaning "the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident  *  *  *  ," and the 1st paragraph of section 14 provides that "except as otherwise provided in this chapter, the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation  *  *  *  ," both clauses must be considered as qualified by subdivision 5 of section 14, which provides "If it be established that the injured employee was a minor when injured, and that under normal conditions his wages would be expected to increase, the fact may be considered in arriving at his average weekly wages."

At the time of receiving these injuries the claimant for about three months had been filling the position of fourth hand or backtender of a paper machine in a paper mill. The wages then commonly paid by the mill to the fourth hand were one dollar and sixty cents per day; to the third hand one dollar and seventy-five cents per day; to the second hand two dollars per day, and to the first hand, who had charge of the machine,

Third Department, March, 1917.              [Vol. 177.

three dollars and fifty cents per day. The superintendent of the employer's mill testified that he was favorably impressed by the claimant; that he was a very bright boy, a good worker and willing to work, and that to a backtender who took hold and wanted to learn the chances for advancement were good. It further appeared that at a neighboring paper mill, backtenders received two dollars and seventy-five cents per day. The action of the Commission in advancing the average weekly wage to fourteen dollars and forty-two cents was fully justified by both the law and the facts.

The award must be reversed and the proceeding remitted to the Commission for the purpose of modifying the award in accordance with this opinion.

All concurred.

Award reversed and matter remitted to the Commission for the purpose of modifying the award in accordance with the opinion.