Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOHN ADAMS, Respondent, for Compensation under the Workmen's Compensation Law, *v.* BOORUM & PEASE COMPANY, Employer, and the AMERICAN MUTUAL COMPENSATION INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, July 3, 1917.

Workmen's Compensation Law — loss of three fingers of hand and ankylosis of index finger — compensation for complete loss of hand not authorized — Appellate Division will not instruct Industrial Commission on questions certified in absence of findings of fact — question as to right of claimant to award based on union or non-union wages.

Where a claimant under the Workmen's Compensation Law lost three fingers of the right hand and the index finger was permanently ankylosed, but the thumb and palm remained in a normal condition, it was error to grant compensation for the loss of a hand, for the claimant still has some use thereof.

The Appellate Division will not instruct the State Industrial Commission as to whether the compensation in such case should be based on the average daily wage or salary of other employees of the same class as the

claimant, engaged in substantially the same employment by the same employer or whether the compensation should be based on the earnings of employees of the same class in neighboring shops, where there is no finding of facts by the Commission.

Where it appears that the claimant working in a non-union shop received lower wages than employees of the same class working in neighboring shops employing union labor, it is for the Commission to determine whether the claimant is in a class entitled to receive union wages or only non-union wages.

As section 15 of the Workmen's Compensation Law only schedules compensation at a fixed sum for the loss of a finger or thumb or parts thereof, or for the loss of a hand, and there is no other provision for the loss of a part of the hand, the compensation awarded for the injury aforesaid must either rest upon the loss of the separate members of the hand, or must fall under the provision for other injuries which are compensated for by the difference between the earning power before and after the injury.

APPEAL by the defendants, Boorum & Pease Company and another, from two awards of the State Industrial Commission, entered in the New York city office of said Commission on the 23d day of January, 1917, and the 1st day of March, 1917, respectively, in connection with which the Commission certifies the following questions:

" (1) Should the compensation in this case be based on the average daily wage or salary of other employees of the same class as claimant, engaged in similar or substantially the same employment by the Boorum & Pease Co. during the year preceding the accident to the employee herein? or

" (2) Should the compensation in this case be based on the average daily wage or salary which an employee of the same class as John Adams, working substantially the whole of the year immediately preceding the accident to John Adams, in the same employment in the neighboring shops to that of Boorum & Pease Co., earned in such employment during the days when so employed?"

*Jeremiah F. Connor*, for the appellants.

*Merton E. Lewis*, Attorney-General, and *Frank H. Sullivan*, for the respondents.

KELLOGG, P. J.:

The claimant, who was injured on January 22, 1916, lost three fingers of the right hand, and the index finger remaining

is permanently ankylosed. The thumb is in normal condition. The palm is not seriously affected aside from the loss of the fingers. It is evident that the claimant has some use of the hand, and within *Matter of Grammici* v. *Zinn* (219 N. Y. 322); *Matter of Kanzar* v. *Acorn Mfg. Co.* (Id. 326); *Matter of Boscarino* v. *Carfagno & Dragonette* (220 id. 323), and *Carkey* v. *Island Paper Co.* (177 App. Div. 73; 163 N. Y. Supp. 710), the award granting compensation for the loss of the hand cannot stand. It is unnecessary to discuss just what the condition of the index finger is, for it was conceded by appellants upon the trial before the Commission that the claimant was entitled to compensation for the loss of four fingers.

Section 15 of the Workmen's Compensation Law fixes a schedule of compensation for certain disabilities, and provides, in substance, that in other cases of permanent partial disability the compensation shall be sixty-six and two-thirds per centum of the difference between the average weekly wage or earnings before and after the injury, subject to certain conditions. In the schedule of compensation a fixed sum is given for the loss of a finger or thumb, or the designated parts thereof, and for the loss of a hand. There is no other provision for the loss of a part of a hand. (See Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 15, as amd. by Laws of 1915, chap. 615.)* It is, therefore, manifest that the Commission cannot determine, in a case like this, that a part of the hand is lost, and award a corresponding part of the compensation fixed for loss of a hand. If the hand is not lost, but is injured otherwise than by the loss of the thumb or certain fingers, or part of them, the compensation must either rest upon the loss of the separate members, or must fall under the provision as to other injuries which will be compensated for by the difference between the earning power before and after the injury.

The employer was a manufacturer of blank books and was carrying on a non-union shop. He was paying the claimant fifteen dollars a week as a stamper. The men in his class in the shop received from fifteen to seventeen dollars per week,

* Since amd. by Laws of 1916, chap. 622, and Laws of 1917, chap. 705. — [REP.

depending upon the length of time of service. In union shops the wages of a stamper were twenty-two dollars a week. That was the prevailing rate of wages. The claimant came to this country from Scotland about three years ago, and served an apprenticeship in Scotland for about seven years. Apparently, he had been employed in this country as a stamper in a union shop for about a month; but for the last year before entering the defendant's employ had been engaged in various employments, receiving much less compensation than a stamper would receive. He had worked for the defendant about three months. Apparently, he had done no work as a stamper within a year. The average weekly wages of the employee forms the basis of compensation. His case may fall within subdivision 2 of section 14 of the Workmen's Compensation Law, which provides: " his average annual earnings shall consist of three hundred times the average daily wage or salary which ·an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed." The Commission, however, may conclude that the method indicated by subdivision 2 " cannot reasonably and fairly be applied " to this case, as provided by ·subdivision 3 of that section, in which case it would be its duty to arrive at the annual earnings as indicated by that subdivision.

We cannot specifically answer the questions asked by the Commission, as they relate to questions of fact which are solely for their determination, and the answers must depend upon how the facts are found by the Commission. From the evidence submitted to it the Commission is to determine the average daily wage which an employee of the same class as the claimant, working substantially the whole of such preceding year, in the same or similar employment, in the same or a neighboring place, shall have earned in such employment during the days when so employed. The claimant, when injured, was a stamper, and the basis of his compensation is the prevailing wages of a stamper in the same class, as stated in the section. Hence, it is for the Commission to determine whether, under the circumstances applying to this

or a neighboring place, the claimant is in the class of workmen who are receiving twenty-two dollars a week, or in a class only receiving fifteen dollars to seventeen dollars a week. The Commission may conclude, under all the circumstances of this case, that subdivision 3 rather than subdivision 2 of section 14 furnishes a proper rule to be applied here. We cannot, upon the record now before us, pass upon those questions as matter of law.

The award is reversed and the matter remitted to the Commission for its further consideration, with the right to take such further testimony as may be proper.

All concurred.

Award reversed and matter remitted to Commission for further consideration, with the right to take such further testimony as may be proper.