Before State Industrial Commission, Responden .

In the Matter of the Claim of John C. Dutcher, Respondent, for Compensation under the Workmen's Compensation Law, *v.* The American Express Company, Employer and Self-insurer, Appellant.

Third Department, May 8, 1918.

**Workmen's Compensation Law — loss of four fingers and injury to thumb equivalent to loss of hand — award by Industrial Commission affirmed.**

Where an employee received accidental injuries which necessitated the amputation of four fingers of one hand up to and including the greater portion of their proximal phalanges and which also caused an impairment of the full use of the thumb so that it was impossible for him to bring the thumb in connection with the palm of his hand it was proper for the State Industrial Commission to make an award for the loss of the hand instead of for the loss of four fingers only, although the claimant has for certain limited purposes some use of the remaining portion of his hand.

Appeal by the defendant, American Express Company, from an award of the State Industrial Commission rendered on the 30th day of January, 1918.

*Visscher, Whalen & Austin,* for the appellant.

*A. Page Smith,* for the claimant, respondent.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to the State Industrial Commission, for the respondent State Industrial Commission.

LYON, J.:

The State Industrial Commission made an award to the claimant for the equivalent of the loss of a hand. The single question presented by this appeal is whether the award should have been made for the loss of four fingers only (116 weeks), or for the permanent loss of the use, that is for the equivalent of the loss of the hand (244 weeks). (See Workmen's Compensation Law [Consol. Laws, chap. 67; Laws of 1914, chap. 41], § 15, subd. 3, as amd. by Laws of 1916, chap. 622.)

On December 8, 1916, while engaged as a transfer man in operating an electric motor truck, as an employee of the American Express Company at the Union Station at Albany, the motor truck came into collision with a yard engine, and the claimant sustained accidental injuries which necessitated the amputation of all four fingers of his right hand up to and including the greater portion of their proximal phalanges, leaving a stump with no ends of the fingers or separations between ends protruding, but with no involvement of the metacarpal bones. The claimant also sustained a laceration and fracture of the terminal phalanx of his right thumb resulting in some thickening due to the growth of callous and in the muscles and tendons becoming somewhat shortened and smaller, impairing the full use of the thumb, and resulting in inability to bring the thumb into conjunction with the palm of the hand.

On April 9, 1917, claimant returned to work, being assigned to clerical duties. On May 7, 1917, he became night watchman at the station, and on September 17, 1917, at his request, he resumed his former position of transfer man. At the time of the final hearing before the Commission, he was being paid by the appellant ten dollars a month more than his wages at the time he was injured.

On February 7, 1917, the Commission made an award of fifty dollars for 5 weeks' compensation, and on March 7, 1917, an award for 116 weeks' compensation for the loss of four fingers. On May 9, 1917, the Commission rescinded the award on March seventh and made an award for 224 weeks' compensation, for the equivalent of the loss of the right hand. Hearings were thereafter had at various times before the Commission, and on January 30, 1918, the Commission

affirmed the award for 244 weeks. From such award then entered this appeal has been taken.

It is the contention of the appellant that under the practically undisputed facts the Commission was not justified in awarding compensation for the permanent loss of the use of the hand; and appellant relies for a reversal of the award upon *Matter of Grammici* v. *Zinn* (219 N. Y. 322); *Matter of Kanzar* v. *Acorn Mfg. Co.* (Id. 326); *Carkey* v. *Island Paper Co.* (177 App. Div. 73); *Adams* v. *Boorum & Pease Co.* (179 id. 412); *Matter of Boscarino* v. *Carfagno & Dragonette* (220 N. Y. 323), and *Supple* v. *Erie R. R. Co.* (180 App. Div. 135).

In the *Grammici* case the loss was of the first, second and third fingers and the first phalange of the fourth finger. In the *Kanzar* case the loss was of the first and second phalanges of the first, second and third fingers and of the distal phalange of the fourth finger. In both cases the Court of Appeals held that the equivalent of the loss of a hand was not supported by the evidence, and that the hand or the use of it was not lost, " provided it could fulfill, in a degree fair and worth considering, in any employment for which the claimant was physically and mentally fitted or adaptive, its normal and natural functions." In the *Carkey* case the loss was of four fingers, but it appeared that the claimant had some use of his hand, that he could pick up a lead pencil, but nothing much smaller; could write his name, and could dress himself except putting on his collar and tie. In the *Adams* case the claimant's first finger was ankylosed at the first two joints but free where it joined the metacarpal bone, and he could write, cut leaves of paper, fold paper, and do many other things in his employment with that hand. In both the *Carkey* and *Adams* cases the court held that the claimant was not entitled to an award equivalent to the loss of the use of a hand. In the *Supple* case the court followed the *Grammici* and *Kanzar* cases and reversed the award for the loss of the use of a finger as unsupported by the evidence. In the *Boscarino* case the court held that the loss of eighty per cent of the vision of an eye did not entitle the claimant to an award for the loss of an eye.

This court held in *Matter of Rockwell* v. *Lewis* (168 App. Div. 674) that the loss of the index, second and third fingers,

and an injury to the fourth finger rendering it stiff and practically useless, was equivalent to the loss of a hand. This court also held in *Donohue* v. *McKaig-Hatch, Inc.* (177 App. Div. 938) that an award for the equivalent of the loss of a hand was justified where the claimant's thumb was amputated at the second joint, and his first, second and third fingers at the third joint and the fourth finger wholly uninjured. This decision was affirmed by the Court of Appeals (223 N. Y. 572.)

From the evidence in the case at bar it appears that the claimant can push a truck, holding it with his left hand and pushing it with the palms of both hands, but that his right hand cannot be used in pulling the truck; that he can lift packages by pressing both palms against opposite sides of the package; that he can carry a package by lifting it with his left hand resting upon or supported by his palm and right forearm, or by inserting the palm of his right hand beneath the string by which the parcels are tied; that he can hold papers down with the palm of his right hand while writing on them with his left hand; that he can lift a small goblet of water to his lips, and that by a clip fastened to his hand he can hold a fork but cannot raise food held by the fork to his mouth; that with a pencil between the thumb and palm of his right hand he can write four or five words, but that his right thumb is weak, having about one-tenth strength, and that upon writing with his right hand his thumb loses its strength after a minute or two and he cannot hold the pencil. Upon the evidence the Commission found that there was a lack of the full use of the thumb, and that the prehensile function of the hand was lost, and that there was a permanent loss of the use of the hand considered as the equivalent of the loss of such hand.

While the claimant has some use, for certain limited purposes, of the remaining portion of his hand, I think that under the evidence it cannot fulfill in a degree fair and worth considering its normal and natural functions, and that the award of the Commission was fully justified and should be affirmed.

Award unanimously affirmed.