Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of HULDA BARRINGER, Respondent, for Compensation under the Workmen's Compensation Law, *v.* GEORGE CLARK, Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Insurance Carrier, Appellants.

Third Department, November 13, 1918.

Workmen's Compensation Law — injury to fingers causing amputation — award based on loss of fingers and not on loss of hand — wages of minor.

Where claimant in proceedings under the Workmen's Compensation Law had her hand drawn into a hot mangle with the result that she lost by amputation the index, middle and ring fingers of her left hand back of the head of the metacarpel bones at about one-quarter of an inch back,

and the amputation of the little finger at the second joint, and also suffered injury to the fleshy part of her thumb, the award should not be based upon the loss of the hand, but upon the statutory allowance for the loss of the fingers, the injury to the thumb being only incidental to the injury to the hand, there being no part thereof recognized by the statute lost.

In such case, the claimant being a minor fifteen years of age, it was not error for the State Industrial Commission to fix her probable wages at twelve dollars a week.

APPEAL by the defendants, George Clark and another, from an award and order of the State Industrial Commission, entered in the Albany office of said Commission on the 30th day of January, 1918, and also from an award entered on the 19th day of February, 1918.

*Alfred W. Andrews* [*John N. Carlisle* of counsel], for the appellants.

*Merton E. Lewis,* Attorney-General [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent State Industrial Commission.

WOODWARD, J.:

The claimant in this case, a girl of fifteen at the time of the accident on the 26th of August, 1916, had her hand drawn into a hot mangle, in the employer's laundry at Saratoga Springs, with the result that she lost, by amputation, the index, middle and ring fingers of her left hand back of the head of the metacarpal bones at about one-quarter of an inch back, while the little finger was amputated at the second joint. The end of the thumb was injured in its fleshy part, and appears to be somewhat sensitive, owing to the necessary treatment. The claimant was at the time in the course of her high school training, being employed in vacation, and is now studying telegraphy, where she expects to receive from seventy-two to ninety-three dollars per month. There is no evidence that she will not be prepared to do the important work involved in telegraphing, though it does appear, by reason of the injury, that she is not continuing the study of typewriting in connection with her telegraphic work, which will, in a measure, limit her efficiency, no doubt.

The State Industrial Commission has awarded compensation as for the total loss of the use of this hand, and identically

the same question which was presented in *Matter of Grammici* v. *Zinn* (219 N. Y. 322) is involved in this appeal, so far as we are able to discover. There it was held that the basis of the award was the loss of the fingers, not for the total loss of use of the hand; and we think this rule is in no degree modified by *Dutcher* v. *American Express Company* (183 App. Div. 162) where the four fingers were amputated up to and including the greater part of their proximal phalanges, and the injury to the thumb made it impossible to bring the thumb in connection with the palm of the hand. In that case there was practically a total loss of the use of the hand for practical purposes, while here there is merely an amputation of portions of the fingers for which specific rates are fixed by the statute (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 15, subd. 3, as amd. by Laws of 1916, chap. 622); and it affirmatively appears that the claimant is not incapacitated from doing the work for which she was preparing herself at the time of the injury.

It is urged, likewise, that the State Industrial Commission erred in fixing the probable wages of this minor at twelve dollars per week as the basis of this award. But she was fifteen years of age, was then in the high school, and was preparing to learn telegraphy, and we see no good reason why she might not be expected to earn at least twelve dollars per week within a reasonable length of time if possessed of both hands unimpaired.

We are of the opinion the award for 244 weeks is erroneous; that the matter should be sent back to the State Industrial Commission with directions to base the award upon the statutory allowance for the loss of the fingers, the injury to the thumb being only incidental to the general injury to the hand, and no part of it, recognized by the statute, having been lost.

The award should be reversed, and the case is returned to the State Industrial Commission to dispose of in harmony with this opinion.

All concurred.

Award reversed and case remitted to the State Industrial Commission to dispose of in accordance with the opinion herein.