## TEXAS EMPLOYERS' INS. ASS'N v. BOUDREAUX et al. (No. 467.)*

(Court of Civil Appeals of Texas. Beaumont. Jan. 27, 1922. Rehearing Denied Feb. 15, 1922.)

Master and servant ⬅386(4)—Death compensation in lump sum justified.

Where the compensation for the death of an employee would amount to only $11.15 a week, from which one-third would be allowed as attorney's fees, leaving only $3.72 a week for the mother, and $1.86 a week for each daughter, and it appeared that the mother was taking boarders in an endeavor to educate her daughters, the facts show a case in which hardship would result from payment of weekly compensation, so that an order requiring payment of compensation in a lump sum as authorized by Workmen's Compensation Act, pt. 1, § 15 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—33), was proper.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Proceeding under the Workmen's Compensation Act by Mrs. Regina Boudreaux for the death of her husband, opposed by the Gulf Production Company, subscriber, and the Texas Employers' Insurance Association. An award of weekly compensation by the Industrial Board was made an award in gross by the district court on review, and the Insurance Association appeals. Affirmed.

See, also, 213 S. W. 674; 231 S. W. 756.

Harry P. Lawther, of Dallas, for appellant.

Gremillion & Smith, of Crowley, La., and Crook, Lord, Lawhon & Ney, of Beaumont, for appellees.

WALKER, J. This case is before us again under mandate from the Supreme Court, remanding it to us under appellant's first assignment of error. Our former opinion is reported in 213 S. W. 674. Appellant's first assignment of error is set out in full in that opinion.

In remanding this case to us, the Supreme Court (231 S. W. 756), discussing our former opinion, said:

"The Court of Civil Appeals did not review the evidence touching the question of whether judgment should have been rendered in a lump sum, being of opinion that the trial court's findings upon this question were final, and not subject to be reviewed on appeal. This holding is the basis of the complaint made in the remaining assignment of error.

"Were the findings of the trial court with respect to whether the case was one calling for a lump sum settlement, subject to review by the Court of Civil Appeals?

"Section 18, part 1, of the act [Vernon's Ann. Civ. St. Supp. 1918, art. 5246—37] provides that the compensation shall be paid from week to week as it accrues, unless the liability

of the association is redeemed as provided elsewhere in the act.

"Section 15, part 1, of the act is as follows: " 'In cases where death or total permanent incapacity results from an injury, the liability of the association may be redeemed by payment of a lump sum by agreement of the parties thereto, subject to the approval of the Industrial Accident Board hereinafter created.' This section shall be construed as excluding any other character of lump sum settlement save and except as herein specified; provided, however, that in special cases where in the judgment of the board, manifest hardship and injustice would otherwise result, the Board may compel the association in the cases provided for in this section to redeem their liability by payment of a lump sum as may be determined by the Board.' [Article 5246—33.]

"The act provides further (article 5246—44, Vernon's Sayles' Statutes, 1918 Supp.) that— " 'If the final order of the Board is against the association, then the association and not the employer shall bring suit to set aside said final ruling and decision of the Board, if it so desires, and the court shall in either event determine the issues in such cause instead of the Board upon trial de novo and the burden of proof shall be upon the party claiming compensation. In case of recovery the same shall not exceed the maximum compensation allowed under the provisions of this act.'

"Under the provisions of the foregoing article the trial court had authority to determine the issues in the case, including the issue as to whether or not the compensation should be paid in a lump sum. This issue is necessarily one of fact. Facts only could make it appear whether the case is a special one.

"Evidence was introduced upon this issue by defendants in error. It is not necessary to set it out. The trial court heard the case de novo, and made its findings upon all the issues, including the issue with respect to a lump sum award. We see no reason why these findings are not subject to the same character of review on appeal to which findings upon other fact issues are subject. The Court of Civil Appeals, in our opinion, has power to review, and should review, the findings upon the issue of a lump sum settlement. Choate v. S. A. & A. P. Ry. Co., 91 Tex. 406, 44 S. W. 69.

"We recommend that the judgment of the Court of Civil Appeals be reversed, and that the cause be remanded to that court for a review of the findings and conclusion of the trial court with respect to whether the case was one calling for a lump sum award, and for further orders."

Referring now to our former opinion in this case (Texas Employers' Insurance Association v. Regina Boudreaux [Tex. Civ. App.] 213 S. W. 674), we find the following review of the facts under appellant's first assignment of error:

"There was no agreement of the parties for a lump sum settlement. The testimony of Mrs. Regina Boudreaux, the only witness on this point, testified: 'My little girls have not got any property. They have no means of living but the living I give them. I make a living for them by running a rooming house. I have just been doing that since Christmas. I am a dressmaker, and used to sew. Since my husband's death I have sewed as a seamstress, and have supported my children that way. My children have no income from any other source, and I have no income from any other source. My husband was working in Texas for a year when he got killed; I do not know for whom he was working. During that year my husband did not send me any money. My husband was gone on his work; he was working for the last seven years. He had not quit me that I know of. I had not been making a living for myself and my children for seven years. Every time my husband come home he gave me all the money he had. During those seven years sometimes he stayed away three or fourth months before he came home. He never did stay as long as three years. The longest time he stayed was one year; that was not the year just before he got killed. When he got killed last July it was four months since he had been at home. He had been working in Texas a year, but he came home twice during that year. My husband did not leave me and go to New Orleans and stay nearly three years. He stayed at New Orleans, but I was staying there with him, too. My husband had not quit me, and I had not quit him, for as much as three years before he died. I know that. There had been no separation. I had not abandoned him, and he had not abandoned me, for the space of three years before his death; he was just going on working. When my husband was away from me over here in Texas I do not know what he did with his money. He did not send me money, but every time he came home he gave me all that he had. The last time he came home he gave me $75.'

"Section 15, pt. 1, of the Compensation Law makes provision for lump sum compensation in two ways: (a) Under agreement of the parties subject to the approval of the Industrial Accident Board; and (b) where, in the judgment of the Board, manifest hardship and injustice would result, in which case the Board may compel the association to redeem its liability by payment of a lump sum in an amount to be determined by the Board. The first depends upon the agreement of the parties; the second upon the discretion of the Industrial Accident Board upon any given case.

"The Compensation Act provides (article 5246—44, Vernon's Sayles' Texas Statutes, 1918 Supplement):

" 'If the final order of the Board is against the association, then the association, and not the employer, shall bring suit to set aside said final ruling and decision of the Board, if it so desires, and the court shall in either event determine the issues in such cause instead of the Board, upon trial de novo, and the burden of proof shall be upon the party claiming compensation. In case of recovery the same shall not exceed the maximum compensation allowed under the provisions of this act.'

"The average weekly wage of Israel Boudreaux, deceased, was $18.57 per week, 60 per cent. of which sum is $11.15, which was found by the Industrial Accident Board and by the court to be the weekly compensation that would arise on account of the death of Israel Boudreaux, resulting while in the course of

his employment. The Compensation Law provides for an attorney's fee, in case of suit, of one-third of the amount of compensation awarded. This one-third in this instance would be $3.71 out of each week's compensation, which would leave $7.44 to be shared by the surviving wife, Mrs. Regina Boudreaux, and her two minor daughters. The wife would be entitled to half of this amount, under our interpretation of the Compensation Law, which will be hereinafter discussed, and the two daughters would be entitled to the other half, or $3.72 per week, or $1.86 each per week. The proof showed these two daughters to be within the scholastic age and that they were attending school. It appeared that they had no earning ability whatever.

"The Legislature must have intended to leave the matter of lump sum settlement to ·the judgment of the Industrial Accident Board. The expression, 'Provided that in special cases where, in the judgment of the Board, manifest hardship and injustice would otherwise result, the Board may compel the association * * * to redeem their liability by payment of a lump sum,' seems to be intended to leave the matter as flexible as possible, so that the judgment of the Board can be exercised freely for the relief of those who might otherwise suffer an injustice. This provision, evidently, was intended to have application in cases where the needs are great and the compensation small. It seems to us that nothing else could have been intended.

"In the present case we have one in which two young girls have no means of support except what little their mother may be able to furnish by running a rooming house, and the revenue arising therefrom is not shown, but it may be naturally assumed that the profits from such an enterprise are meager. When we take into consideration the high cost of living of the present time and the ever-changing conditions and vicissitudes incident to the life of a widow with a family to support, it occurs to us that the lower court was correct· in concluding that a lump sum ought to be awarded in this case, rather than a weekly compensation, which would give each of these little girls $1.86 per week. ·This being a case in which hardship would result, justifying the award of a lump sum, we think that this provision of the law ought to be applied."

Having again reviewed the facts, as required by the mandate of the Supreme Court, we are still of our former opinion:

"That the lower court was correct in concluding that a lump sum ought to be awarded in this case, rather than a weekly compensation, which would give each of these little girls $1.86 per week. This being a case in which hardship would result, justifying the award of a lump sum, we think that this provision of the law ought to be applied."

It is therefore our order that appellant's first assignment of error be in all things overruled, and that the judgment of the trial court be in all things affirmed.

---

⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes