MILLERS' INDEMNITY UNDERWRITERS v. HUFFAKER et al. (No. 2580.)

(Court of Civil Appeals of Texas. Texarkana. May 18, 1922.)

1. **Master and servant ⟷385(12)—Loss of fingers and part of palm not compensable as total loss of hand.**

A servant whose injury necessitated an amputation following a line drawn across the left hand from the knuckle joint of the index finger to a point where the metacarpal bone of the little finger joins the wrist was not entitled to compensation based upon the total loss of the use of the hand, but only to specific compensation for injuries provided for in Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—21).

2. **Master and servant ⟷418(6)—Court's conclusion on question of lump sum compensation not reviewable.**

Where the facts support the trial court's conclusions and do not make it appear that the case was a special one, the judgment refusing to allow compensation paid in a lump sum will not be disturbed on appeal.

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Proceedings by J. L. Huffaker and others for an award under the Workmen's Compensation Law opposed by the Farmers' Union Gin Company, employer, and the Millers' Indemnity Underwriters, insurer. From an order of the trial court affirming an award of the Industrial Accident Board, but directing that it be paid in weekly payments instead of a lump sum, the insurer appeals, and claimant files cross-appeal. Modified and affirmed.

The suit was brought by appellant to set aside an award of the Industrial Accident Board. It was tried before the court as an agreed case under the statute. The Industrial Accident Board on April 14, 1921, made and entered an award to J. L. Huffaker, an injured employee of the Farmers' Union Gin Company, holding that the injuries constituted the loss of a hand, and allowing compensation therefor for a period of 150 weeks at $15 per week and ordering it paid in a lump sum. The trial court held the injuries constituted the loss of a hand, and allowed the same compensation therefor that the Board did, but directed it paid in weekly payments instead of in a lump sum settlement.

On November 18, 1920, J. L. Huffaker, an employee of the gin company, while engaged in the course of his employment, suffered an injury by accident to his left hand. He was trying to put a key in cogs when his left hand was caught between them and so mashed as to require amputation in the manner following, as agreed:

"The result of the amputation is as follows: A line drawn across the left hand from the knuckle joint of the index finger to the point where the metacarpal bone (bone of palm, of the little finger joins the wrist would represent the portion of the hand injured. The thumb was not injured. Aside from the above, the defendant received no other injuries."

The defendant was entitled to compensation at the rate of $15 per week, his wages being more than $25 per week, for such period as the law provides for the injury received. The gin company carried a policy of insurance under the provisions of the Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), with appellant as insurer. Immediately after the injury the injured employee and the insurance company agreed in writing that such injured employee was entitled to compensation at the rate of $15 per week for the period of 141 weeks. This written agreement, signed by the parties, was filed with the Industrial Accident Board, and the payment of

---

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

compensation was begun thereunder on November 26, 1920, and faithfully continued. All medical and hospital bills were paid by the insurance company. The Industrial Accident Board, it appears here, acting on its own motion, set the case for a hearing on April 14, 1921, making the award as above stated. Further:

"It is agreed," quoting, "as a fact that if said payments are made at the rate of $15 per week the compensation will not be adequate to meet the necessities of the defendant, but it is not agreed that the board or the court has authority in a case of this kind to require the compensation to be paid in a lump sum or to reduce the same to one payment, this question being reserved for the court."

E. C. Gaines, of Austin, for appellant.
Ed Westbrook, of Wolfe City, for appellees.

LEVY, J. (after stating the facts as above). [1] Appellant asserts that the loss of the fingers and a part of the palm of the hand, leaving the thumb and about one-half of the palm next to the thumb not injured or affected, does not amount to the total loss of the use of the hand, and the injury would fall under the schedule of compensation for the specific injuries to the fingers and metacarpal bones provided for in the Employers' Liability Act (article 5246—21, pt. 1). The injury suffered by the employee was as is described above. There is no evidence from a vocational point of view that the extent of the injury incapacitated the claimant from engaging in his particular occupation or vocation, or for employment permitting or involving the use of the hand as injured. There was no injury to the thumb making it impossible to bring the thumb in connection with that part of the palm remaining next to the thumb. In these facts there is not a total loss of the hand, or the use of the hand, for some practical purposes. Compensation for the injury, then, should have been awarded as for loss of fingers and metacarpal bones, as specified injuries under the statute, and not as for the total loss of the hand or the use of the hand. Article 5246, § 21, pt. 1, R. S.; Barringer v. Clark, 184 App. Div. 695, 172 N. Y. Supp. 398; Carkey v. Island Paper Co., 177 App. Div. 73, 163 N. Y. Supp. 710; Adams v. Boorum & Pease, 179 App. Div. 412, 166 N. Y. Supp. 97. Appellee would be entitled to receive $15 per week for 141 weeks instead of 150 weeks.

[2] The appellee by cross-appeals predicates error in refusing to allow the compensation paid in a lump sum or reduced to one payment. The facts do not make it appear that the case is a special one. The facts support the trial court's conclusion thereon. Texas Employers' Ins. Asso. v. Boudreaux (Tex. Com. App.) 231 S. W. 756.

The judgment is modified so as to give the appellee 141 weeks at $15 per week, payable weekly; and, as so modified, the judgment will be affirmed. The costs of the trial court and of appeal are taxed against appellees.