UNITED STATES FIDELITY & GUARANTY CO. v. VOGEL et al.  (No. 1920.)

(Court of Civil Appeals of Texas.  El Paso.
May 6, 1926.  Rehearing Denied
May 20, 1926.)

1. Master and servant ⚖405(6)—Evidence held to sustain findings that compensation claimant was totally and permanently incapacitated (Workmen's Compensation Act [Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.]).

In suit under Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.) for a lump sum settlement, evidence *held* to sustain findings that claimant, who had suffered a crushed vertebra, was totally and permanently incapacitated to work.

2. Master and servant ⚖405(6)—Evidence held to sustain finding that hardship and injustice would result unless compensation claimant received lump sum (Workmen's Compensation Act [Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.]).

In suit under Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.), evidence *held* to sustain finding that manifest hardship and injustice would result to plaintiff, who was totally and permanently incapacitated to labor, unless plaintiff received a lump sum settlement instead of weekly payments of $16.54.

3. Trial ⚖352(1)—Issue whether manifest hardship and injustice would result if compensation insurer failed to redeem liability by lump sum instead of weekly payments properly submitted claimant's rights (Workmen's Compensation Act, pt. 1, § 15 [Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1918, art. 5246—33]).

In suit under Workmen's Compensation Act, pt. 1, § 15 (Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1918, art. 5246—33), special issue whether manifest hardship and injustice would result if defendant failed to pay a lump sum in place of weekly payments, instead of issue whether weekly payments would create hardship and injustice, properly submitted plaintiff's rights.

4. Trial ⚖215—On submission of special issues, refusal to charge that it was purpose of Workmen's Compensation Law that payments be made weekly held not error (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.).

In suit under Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.), refusal to charge that it was pur-

pose of the Compensation Law that payments be made weekly, and that lump sum settlement be given only in special cases, was not error, where case was submitted on special issues.

5. Trial ⚖215—Where case is submitted on special issues, charge general in nature, or as to law arising on facts, should not be given.

Where a case is submitted on special issuance, a charge general in nature, or as to the law arising on the facts, should not be given.

6. Appeal and error ⚖215(1).

Where objection to charge was not reserved in trial court, it may not be raised for first time on appeal, under Rev. St. 1925, art. 2185.

7. Trial ⚖350(3)—Refusal to submit issues on increasing amount of weekly compensation payments was not error, as claimant's rights would have been unaffected by answers (Workmen's Compensation Act, pt. 1, § 15a, as amended by Acts 38th Leg. [1923] c. 177; § B).

In suit under Workmen's Compensation Act for a lump sum settlement, refusal to submit special issues under Workmen's Compensation Act, pt. 1, § 15a, as amended by Acts 38th Leg. (1923) c. 177, § B, as to whether weekly payments would be insufficient and how much they should be increased, was not error, as provision for such increase is for benefit of employee, and plaintiff's right to lump sum settlement would have been unaffected by any answers to these issues.

Appeal from District Court, Dallas County; Royall Watkins, Judge.

Proceeding under Workmen's Compensation Act by John Vogel, claimant, opposed by United States Fidelity & Guaranty Company, insurer.  The Industrial Accident Board awarded compensation to claimant, but denied his application for lump sum settlement. Claimant and his attorney sue for lump sum settlement.  The case was submitted on special issues, and the insurer appeals.  Affirmed.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellant.

M. M. Parks and E. E. Clack, both of Dallas, for appellees.

HIGGINS, J.  On February 18, 1924, appellee Vogel sustained an injury while in the course of his employment.  The appellant was insurer under the Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.).  The Industrial Accident Board found that, in consequence of his injury, Vogel had suffered permanent total incapacity to labor and awarded him compensation at the rate of $16.54 per week for 400 weeks.  The board denied his application for a lump sum settlement, whereupon this suit was filed by Vogel and his attorney. The petition contains the usual allegations in such cases and asks for lump sum settlement.  The case was submitted upon special

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

issues. The issues submitted, and findings thereon as shown by the record brought up on certiorari to correct the original transcript, read:

(1) "Was John Vogel totally incapacitated for work on the 18th day of February, 1924? Answer: Yes."

(2) "Was such total incapacity, if any, permanent? Answer: Yes."

(6) "Is this a case where, in your judgment, manifest hardship and injustice would result to the plaintiff, John Vogel, if the defendant should fail to redeem its liability, if any, by a payment of a lump sum, instead of weekly payments of $16.54 per week? Answer: Yes."

Issues 3, 4, and 5 were conditionally submitted and were not answered. They relate to the issue of temporary partial incapacity and answers were not necessary under findings 1 and 2. Judgment was rendered against appellant in the sum of $5,123.02, as a lump sum settlement; that being the amount due after allowing credit for what had theretofore been paid.

[1] The sufficiency of the evidence is questioned to support the finding that Vogel was totally and permanently injured; also the sixth finding. All of the doctors testified the plaintiff had a crushed vertebra of the spinal column. Two of them testify he is totally and permanently incapacitated to labor. The plaintiff's testimony shows that up to the date of trial, more than a year after his injury, he was totally incapacitated to labor. Upon these issues the weight of the evidence supports the findings made.

[2] Nor do we think the jury's finding upon the sixth issue should be set aside. This man's back was broken. The doctors all agree it was. He is totally and permanently incapacitated to labor for a living. But the evidence does disclose he is capable of getting around and looking after some little business in which he might engage if he had the funds to do so. The weekly payment to which he would be entitled is $16.54. His board and room costs $40 per month. His other necessary expenses are about $10 per month. This allows nothing for medical attention and other expenses. He has $400, which he had saved at the time he was injured. $16.54 per week is certainly a very small amount upon which to live under present conditions. The plaintiff, if allowed a lump sum settlement and investing the same in some business which he is physically able to conduct, could reasonably hope to permanently increase his income to an amount which would be adequate for a comfortable existence. To deprive him of that opportunity in his condition would be a manifest hardship and injustice and we sustain the sixth finding. Texas Employers' Insurance Association v. Boudreaux (Tex. Com. App.) 231 S. W. 756; Lumbermen's Reciprocal Ins. Ass'n v. Behnken (Tex. Civ. App.) 226 S. W. 154; Texas Employers' Insurance Associa-

tion v. Boudreaux (Tex. Civ. App.) 238 S. W. 697; Lumbermen's Reciprocal v. Warner (Tex. Civ. App.) 234 S. W. 545; Georgia Casualty Co. v. Darnell (Tex. Civ. App.) 243 S. W. 579; Consolidated Underwriters v. Saxon (Tex. Civ. App.) 250 S. W. 447; Millers' Indemnity v. Green (Tex. Civ. App.) 237 S. W. 979; Millers' Indemnity v. Huffaker (Tex. Civ. App.) 241 S. W. 732.

All assignments and propositions are overruled which, in different forms, question the sufficiency of the evidence to support the findings and judgment.

We think there is no merit in appellant's second proposition to the effect that the issues as submitted were confusing and misleading and did not submit the real controlling questions in the case. Western Indemnity Co. v. Corder (Tex. Civ. App.) 249 S. W. 319.

[3-5] Objection to the sixth issue is made by proposition, which reads:

"Where the court submits a lump sum settlement, it is error to submit to the jury the question of whether or not it would be a manifest hardship and injustice to the plaintiff if the company should fail to redeem its liability, if any, by the payment of a lump sum instead of weekly payments of $16.54, the law being that it is the purpose of the Compensation Act that compensation shall be paid from week to week, and it is only in those cases where payment from week to week would work a manifest hardship and injustice to the employee that liability should be redeemed in a lump sum. The question is not whether it would work a manifest hardship and injustice not to receive the lump sum, but should be submitted as to whether or not to receive the weekly payments would create a hardship and injustice as the law so provides. This is especially error in view of the fact that the court refused to charge the jury, although requested so to do, that it was the purpose of the law that the compensation be paid in weekly payments."

The requested charge referred to in this proposition reads:

"You are instructed that it is the purpose and object of the Compensation Law that payments of compensation shall be made weekly and as they accrue and that a lump sum settlement of the compensation should be given only in special cases where, in the judgment of the jury, manifest hardship and injustice would result by virtue of permitting the compensation to be paid weekly."

Article 5246—33, Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1918, authorizes the award of a lump sum settlement in "special cases" of total permanent incapacity "where, in the judgment of the board, manifest hardship and injustice would otherwise result." The special issues fairly and properly submitted the right of the plaintiff to a lump sum settlement under this section of the law. The objection thereto is not well taken. With respect to the requested instruction, it is objectionable in more than one particular. If it had been otherwise unobjec-

tionable, it was nevertheless properly refused because the case was submitted upon special issues. In such cases, a charge general in its nature or which instructs the jury as to the law arising upon the facts should not be given. Humble, etc., v. McLean (Tex. Com. App.) 280 S. W. 557; Texas & N. O. Ry. v. Harrington (Tex. Com. App.) 235 S. W. 188; Connellee v. Nees (Tex Com. App.) 266 S. W. 502.

[6] The sixth issue is not subject to the objection urged in the fifth proposition; nor was such objection to the charge reserved in the court below. For such reason it cannot be raised for the first time upon appeal. Article 2185, R. S. 1925. The definition of "total incapacity" contained in the court's charge was correct, for which reason the sixth proposition is overruled.

[7] Appellant requested the submission of the following:

"Gentlemen of the jury, do you find from the evidence that the amount of compensation as alleged by the plaintiff herein, to wit, $16.54 per week, if payable weekly, is insufficient or inadequate to meet the necessities of the plaintiff herein? Answer 'yes' or 'no.' Answer: ———.

"If you have answered the above 'yes,' then in what amount, not to exceed $27.50 per week, do you find it should be increased weekly? Answer in dollars. Answer: ———.

"In this connection you are charged that 'it is the purpose of the law under which this case is tried that the compensation provided for should be paid from week to week and as it accrues; but in any case, where compensation is payable weekly at a definite sum and for a definite period, and it appears that the amount of compensation being paid is inadequate to meet the necessities of the employee, the jury shall have the power to increase the amount of compensation by correspondingly decreasing the number of weeks for which the same is to be paid, allowing discount for present payment at a legal rate of interest."

As heretofore stated, charges general in nature should not be given when the case is submitted upon special issues, for which reason the refusal to give the instruction requested in connection with the issues presents no error.

Section 15a, pt. 1, of the Compensation Act, was amended in 1923 so as to read:

"In any case where compensation is payable weekly at a definite sum and for a definite period, and it appears to the board that the amount of compensation being paid is inadequate to meet the necessities of the employee or beneficiary the board shall have the power to increase the amount of compensation by correspondingly decreasing the number of weeks for which the same is to be paid allowing discount for present payment at legal rate of interest; provided that in no case shall the amount to which it is increased exceed the amount of the average weekly wages upon which the compensation is based; provided it is not intended hereby to prevent lump sum settlement when approved by the board." Acts 38th Leg. (Reg. Sess.) c. 177, p. 388, § B.

The authority conferred to increase the weekly compensation payment with a corresponding decrease in the number of weeks for which the same shall be paid is for the benefit of the employee or beneficiary. The proviso was added by the 1923 amendment, and, in our opinion, was to completely preserve to the employee or beneficiary the right to a lump sum settlement in a proper case under the preceding section of the act. The appellee was not asking for an increase in the weekly payments with a decrease in the number of payments, but was asserting his right to a lump sum settlement, and the findings of the jury establish his right thereto. If the requested issues had been submitted, his right to the lump sum settlement upon findings 1, 2, and 6 would have been unaffected by any answers which the jury might have returned to the requested issues.

We are therefore of the opinion the refusal to submit the issues presents no error of which the defendant can complain.

Affirmed.