MCMULLEN *v.* GAVETTE CONSTRUCTION CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—CON-
   STRUCTION—COMMUTATION OF DEFERRED PAYMENTS—DISCRETION
   OF INDUSTRIAL ACCIDENT BOARD.
   The workmen's compensation act (part 2, § 22) construed,
   and *held,* to provide (1) for a lump sum agreement be-
   tween the parties with the approval of the industrial
   accident board, and (2) for a commutation of deferred
   payments without the consent of the employer if the dis-
   cretion of the board is moved by special circumstances
   attending the case.

2. SAME.
   Said section *held,* not inconsistent and therefore void be-
   cause by the second provision thereof the employer would
   be deprived of the right to retain future payments should
   the injured employee die prior to the expiration of the
   period within which he would have received weekly pay-
   ments, leaving no dependents (part 2, § 12), or surviving
   dependents be deprived of them (part 2, § 7), since it is
   in furtherance of the central idea which underlies the
   legislation, viz., to provide for the misfortunes of em-
   ployees by accident.

3. SAME—EVIDENCE—SUFFICIENCY—INDUSTRIAL ACCIDENT BOARD—
   DISCRETION.
   A showing by the injured employee that he is permanently
   incapacitated for work at his trade of carpenter, that he
   might be able to do some kinds of clerical work where he
   could sit, that he requires the money to educate himself for
   such purpose, and that to pay medical and hospital bills
   his father mortgaged his farm, *held,* sufficient to authorize
   the board to exercise the discretion provided in said
   section.

Certiorari to Industrial Accident Board. Submit-
ted October 14, 1919. (Docket No. 32.) Decided De-
cember 22, 1919.

Petition by Roy McMullen against the Gavette Con-

---

For authorities passing on the question of lump sum settle-
ment under workmen's compensation act, see subdivision of a
comprehensive note in L. R. A. 1916A, 175.

struction Company and the Globe Indemnity Company, insurer, praying for a lump settlement of a claim for accidental injuries. From an order awarding payment, defendants bring certiorari. Affirmed.

*Douglas, Eaman, Barbour & Rogers* and *O. G. Wismer,* for appellants.

*Herbert W. Smith,* for appellee.

Bird, C. J. Plaintiff is a carpenter by trade. On November 20, 1916, he was employed by defendant construction company. On that date he fell from a scaffold and sustained what is termed by counsel as a "broken back." No question is raised but that the injury arose out of and in the course of his employment. On April 9, 1917, the parties entered into a compensation agreement of $10 a week. This weekly wage was regularly paid by defendants up to January 20, 1919, when plaintiff filed a petition with the industrial accident board praying for a lump sum settlement. A hearing followed in which a showing was made bearing upon plaintiff's physical condition and financial necessities. After considering the same the board made an order, the material part of which is as follows:

"(*a*) That said applicant, Roy McMullen, as a result of the accidental personal injury sustained by him November 20, 1916, while in the employ of said respondents, is totally and permanently incapacitated for work as a carpenter, the occupation in which he was engaged at the time of the accident;

"(*b*) That as a result of respondents' failure to provide for applicant necessary and reasonable medical and hospital services during the first three weeks following his injury, as provided by the workmen's compensation act, said applicant had to himself secure proper medical attention and become liable for the payment of the same ($1,000.00), about one-half of which medical attention should have been furnished

the applicant by the respondents, at their expense, during the first three weeks following the injury;

"(c) That the circumstances in this case are such that it is reasonable and proper that said applicant should receive a sufficient amount of compensation in a lump sum to take care of debts contracted because of the accident, and also to make it possible for said applicant to educate himself so that he will be able to follow some new vocation.

"It is therefore ordered and adjudged, that said petition should be and the same is hereby denied, as to the granting of a lump sum settlement, but respondents are hereby authorized and directed to make an advance payment of one thousand seven hundred fifty dollars ($1,750.00), which commuted on its present worth would amount to the sum of one thousand six hundred seventeen and 6-100 dollars ($1,617.06), which latter amount shall be paid forthwith and receipt therefor filed with the board."

Upon certiorari defendants insist the order is wrong and make the following contentions:

"(1) The power of the board to grant or order lump sum advance payments is confined to those cases in which the consent of the employer is given.

"(2) If the power of the board is not confined to the extent stated in our first contention, it does not extend beyond cases involving specific indemnities.

"(3) Whatever disposition the court may make of contentions one and two, and even if it be held that the statute gives the board power to direct at any time a lump sum advancement to be made, in any case, if special circumstances be found which, in its judgment, require the same, then the present award should be reversed."

1 and 2. The statute under which the board acted in making the order provides that:

"Whenever any weekly payment has been continued for not less than six months, the liability therefor may be redeemed by the payment of a lump sum by agreement of the parties, subject to the approval of the industrial accident board, and said board may at any time direct in any case, if special circumstances

be found, which, in its judgment, require the same, that the deferred payments be commuted on the present worth thereof at 5% per annum to one or more lump sum payments, and that such payments shall be made by the employer or the insurance company carrying such risk, or commissioner of insurance, as the case may be." 2 Comp. Laws 1915, § 5452.

There appears to be very little necessity for construing this statute. In plain, unmistakable terms it provides for a lump sum agreement by the parties with the approval of the industrial accident board, and it also provides that the board may, at any time, in any case, provide for a commutation of deferred payments if its discretion is moved by special circumstances attending the case. While the first provision makes it plain that the consent of the employer is to be given, there is no language in the second provision from which any such conclusion could be drawn.

3. It is argued that if this provision of the statute is to be given full effect, in many cases, it will suspend the following provisions of the act:

"The death of the injured employee prior to the expiration of the period within which he would receive such weekly payments shall be deemed to end such disability, and all liability for the remainder of such payments which he would have received in case he had lived shall be terminated, but the employer shall thereupon be liable for the following death benefits in lieu of any further disability indemnity." * * * 2 Comp. Laws 1915, § 5442.

"* * * In case of the death of one such dependent, his proportion of such compensation shall be payable to the surviving dependents *pro rata.* Upon the death of all such dependents, compensation shall cease." * * * 2 Comp. Laws 1915, § 5437.

"Any weekly payment under this act may be reviewed by the industrial accident board at the request of the employer, or the insurance company carrying such risks, or the commissioner of insurance as the case may be, or the employee; and on such review it may be ended, diminished or increased, subject to the

maximum and minimum amounts above provided, if the board finds that the facts warrant such action." 2 Comp. Laws 1915, § 5467.

The argument is made under the first and third sections that if, after a lump sum advancement is made, the injured party should die, leaving no dependents, the employer would be deprived of the right to retain the future payments, and under the second section that the dependents would be deprived of them. In view of this we are asked to nullify this section of the statute as being inconsistent with the body of the act. It was evidently the intention of the legislature in passing this act to provide for the misfortunes of the employees by accident, and in doing so it was evidently in the mind of the legislature that in most cases the employees' misfortune would be better served by making periodical payments rather than lump sum payments, and that policy was adopted and carried out in the act. But to that rule the legislature created an exception, namely: That lump sum advancements might be made where special circumstances exist, which, in the discretion of the board, made it probable that the interest of the employee would be better served by so doing. We see no inconsistency between these provisions. The exceptions may in many cases be very beneficial to the injured man and his dependents and is, therefore, in furtherance of the central idea which underlies the legislation.

But it is insisted that there have been no circumstances shown here which justify action under this statute. It was shown, on the hearing, by medical testimony, that plaintiff is permanently incapacitated for work at his trade as a carpenter. It was further shown that he might be able to do some kinds of work where he could sit, such as clerical work or telegraphing. It is further shown that his medical and hos-

pital expenses were over $900, and that in order to obtain the same his father mortgaged his farm. We think the showing was ample to authorize the board to invoke the aid of this statute and their order must be sustained, with costs to the plaintiff.

SHARPE, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.