**MILLERS' INDEMNITY UNDERWRITERS v. GREEN et al.  (No. 1899.)\***

(Court of Civil Appeals of Texas.  Amarillo. Feb. 1, 1922.  Rehearing Denied March 1, 1922.)

**1. Master and servant ⟺388 — "Dependent parents" within compensation law includes those partially dependent.**

In proceedings by parents to recover compensation for the death of their son, involving the issue as to whether they were "dependent" parents within Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—15), it was proper to submit the issue in language calling for a finding as to whether they were "dependent wholly or in part" on his labor, instead of a finding as to whether they were "dependent" upon him.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dependent.]

**2. Trial ⟺350(3)—Issue in compensation case held properly refused as calling for evidentiary fact.**

In proceedings by parents to recover compensation for the death of their son, involving the issue of their dependency, it was not error to refuse to submit to the jury a special issue as to whether the amounts that deceased gave to his parents were voluntary gifts, as it called for a finding of an evidentiary fact within Rev. St. art. 1985.

**3. Master and servant ⟺418(5)—Compensation award of lump sum rests in discretion of trial court.**

Under Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—33), authorizing an award of a lump sum settlement in special cases where, in the judgment of the board, manifest hardship and injustice would otherwise result, the decision of the question is committed to the judgment of the board or to that of the district court in case of transfer of the proceedings, and the court's submission of the question to the jury will not be reviewed unless there is a manifest abuse of discretion.

**4. Master and servant ⟺417(5)—Issue as to compensation award in lump sum held proper.**

Under Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—33), authorizing an award of a lump sum in special cases where, in the judgment of the board, manifest hardship and injustice would otherwise result, the submission of the issue as to whether the failure to pay a lump sum would work a manifest hardship and injustice on the claimants was not erroneous in failing to include in the submission of the issue the question as to whether it was a "special case."

**5. Continuance ⟺30 — Amendment held not ground for continuance.**

In proceedings brought to the district court under the Workmen's Compensation Law, it was not error to refuse continuance on the ground of surprise caused by new allegations in the second amended answer, where the law allegations were only more detailed statements of facts alleged in the first amended answer.

**6. Master and servant ⟺418(3)—Objection to computation of compensation held not avoidable.**

In proceedings brought to the district court under the Workmen's Compensation Act, the objection in the motion for new trial that the judgment did not follow the pleadings nor the verdict, and was not in accordance with the law, was not sufficient to call the court's attention to an error in computing the lump sum awarded as compensation, and the objection was not available on appeal.

**7. Judges ⟺16(1)—Election as special judge of the only one present who could qualify held not prejudicial to party.**

Where the district judge was absent, and only four lawyers were present at the opening of the court, one of whom was a district attorney, who could not serve as a special judge, and two of the other three were opposing attorneys in the present case, leaving only one attorney, who was legally elected as special judge, although appellant's attorney did not participate in the election, appellant was not prejudiced thereby.

Appeal from District Court, Moore County; W. I. Gamewell, Special Judge.

Proceeding by Robert F. Green and others against the Millers' Indemnity Underwriters before the Industrial Accident Board for an award. Case transferred to the district court, from whose judgment, awarding Robert F. Green and wife compensation, the Millers' Indemnity Underwriters appeals. Affirmed.

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
\*Writ of error refused April 19, 1922.

Neth L. Leachman and H. P. Lawther, both of Dallas, for appellant.

Engelking & Dotson, of Electra, for appellees.

BOYCE, J. This is an appeal by the Millers' Indemnity Underwriters from a judgment awarding Robert F. Green and his wife, Ora E. Green, compensation under the Workmen's Compensation Law of this state (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91) for the death of their son, Robert Lee Green.

Only two issues of fact were made in the trial: (1) As to whether the appellees were "dependent parents" within the meaning of that term as used in the law (article 5246—15, Vernon's Texas Civil Statutes, 1918 Supp.); (2) as to whether the appellees were entitled to a lump sum settlement. Both of these issues were submitted to a jury and decided in appellees' favor. Appellant contends that it was entitled to a peremptory instruction in its favor as to these two issues of fact, and we make the following statement to be considered in connection with our disposition of these contentions:

[1] Robert Lee Green, at the time of his death on May 25, 1920, was driving a truck near Amarillo, Tex. The record does not show definitely just what his age was, but we infer that he was somewhere about 18 to 21 years old. His parents, at the time of his death, were living at Electra, and were engaged in running a confectionery and restaurant at such place. The father was at the time about 47 years old, and the mother 42. There were two children, boys, one 14 years old and the other 10. For about 13 years prior to 1920 the family had lived in Runnells county on a farm consisting of 110 acres, which they owned, and which was worth about $5,000. During the early part of the year 1919 Robert Lee Green was away from home at work, and sent his parents about $30 per month out of his wages. In April, 1919, the father took pellagra, and deceased returned to the farm, worked the crops, and harvested them. While not busy on the home farm he worked out for wages, and his wages were paid to his father. About $1,500 was realized from the crops made on the farm, and this money was applied in payment of debts, leaving the father an indebtedness of about $200. In January, 1920, the mother went to Electra and arranged to buy a confectionery and restaurant business. She made a cash payment on the purchase price of the business by using the proceeds of the sale of Robert Lee Green's cattle and some cattle and other personal property owned by the parents, but the embarkation in this business left the parents considerably in debt. About the first of December, 1919, deceased went to work at Wichita Falls, and during that month sent his mother $25. He helped the family move in January, 1920, and paid some of the expenses of the moving. In March he again sent his mother $25, and during the latter part of March went to Amarillo to work. Before leaving he bought some groceries for the family, and told his mother that when the business was opened up he would return and help her with it. The Greens did not get possession of the said business until May 21, 1920. From February, 1920, to such time Mrs. Green and her children ran a little milk station, and Mrs. Green worked in the confectionery store without compensation for the purpose of learning the business. The father was sick during all the year 1919, with pellagra. He was getting some better when he took the "flu" about February, 1920, and was unable to do work of any consequence up to the time of the son's death, and has never fully regained his health. For a few months after it was opened the confectionery and restaurant business prospered, but at the time of the trial, and for several months before that, it had not been making expenses, and, according to appellees' testimony, their debts were increasing. At the time of the trial they owed about $4,500 on this business; $2,500 of this was past due, and the creditors were calling for their money.

Appellant's brief contains an interesting history of the development of the Compensation Law, and reference to a great many decisions that have dealt with such laws and applied them to facts analogous to those presented by this case. The question as to the construction of the term "dependency," as used in such laws, has been frequently before the courts, and two of the Courts of Civil Appeals of this state have already had occasion to consider this very provision of our own statute. Southern Insurance Co. v. Hibbs, 221 S. W. 303; Lumbermen's Reciprocal Association v. Warner, 234 S. W. 545. We therefore omit any extended discussion of such question. In the case first cited the court said:

"The question of dependency is one of fact rather than a question of law, and each case must rest on its own facts. The test of dependency is, not whether the family could support life without the services or contributions of the deceased but whether they depended upon them as part of their income or means of living. Bradbury, Workmen Compensation, pp. 571 to 573. All the cases seem to hold that partial dependency is all that is required, and a mere temporary intermission in the performance of services or the making of contributions will not destroy dependency."

This statement seems to be well sustained by the authorities. Note, Ann. Cas. 1913E, 481; Ann. Cas. 1918B, 750, 760, 761; Honnold on Workmen's Compensation, §§ 71–77;

28 R. C. L. p. 770; and, in addition, authorities cited in the two cases above referred to. Appellees' evidence shows that they had in the past received from their son material and needed contribution to their support, both in labor and money. They testified that they expected to receive and depended on receiving such aid in the future; and the jury were warranted in finding that their expectations were well founded. The authorities cited sustain the action of the trial court in submitting the issue in this case to the jury. The court submitted the issue of dependency in this language:

"Were the defendants Robert F. Green and Ora E. Green, as parents of Robert Lee Green, deceased, dependent wholly or in part upon the labor of the deceased, Robert Lee Green?"

The appellant's third proposition complains of this method of submitting the issue, and the fourth proposition asserts that the court erred in not submitting appellant's requested issue as follows:

"Were the defendants, Robert F. Green and Ora E. Green, taking into consideration their condition and circumstances in life, whatever you may find that and those to be, dependent upon Robert Lee Green at the time of his death?"

If it be true that the law intended by the word "dependent" to include not only those who were wholly dependent, but also those partially dependent, as has been held in the authorities already cited, we can see no good reason to hold that it would be error for the court to put the issue as stated; otherwise a jury would be left to conjecture as to such matter. In both the Texas cases cited the issue as to partial dependency was submitted, as in this case, though no objection appears to have been made by the appellants in those cases on that account. We overrule these two propositions.

[2] The second proposition is that the court erred in refusing to submit this issue:

"Were the amounts that Robert Lee Green gave to his parents, if any, prior to his death, voluntary gifts?"

This requested issue called for a finding of an evidentiary fact, and there was no error in refusing it. R. C. S. art. 1985.

[3, 4] The fifth proposition assigns error in the submission of issue No. 5, which was as follows:

"Would a failure of the plaintiff, Millers' Indemnity Underwriters, to make a lump sum settlement with the defendants of the compensation, if any, owing them on account of the death of the said Robert Lee Green, work a manifest hardship and injustice to the defendants, Robert F. Green and Ora E. Green?"

Two grounds of error are urged under this proposition: First, that, under the undisputed evidence, no award of a lump sum set-

tlement would be authorized; second, that "said issue does not submit the question if this is a 'special case' where, in the judgment of the jury, manifest hardship and injustice would otherwise result unless the association were compelled to redeem its liability in a lump sum." The statute authorized the award of a lump sum settlement in case of death or total permanent disability "in special cases where, in the judgment of the board, manifest hardship and injustice would otherwise result." Vernon's Texas Statutes, 1918 Supp. art. 5246—33. The decision as to the question is committed to the "judgment of the board" or to that of the district court in case of transfer of the proceedings to such court. Texas Employers' Insurance Association v. Downing, 218 S. W. 120 (11); Lumbermen's Reciprocal Association v. Behnken, 226 S. W. 157 (5); Texas Employers' Insurance Association v. Boudreaux, 213 S. W. 674. This provision vests the trial court with large discretionary powers, and the appellate courts should not attempt to review their action on such matters unless there is manifest abuse of such discretion. We think there is no such abuse shown in this case. Authorities already cited, and McMullen v. Gavette Construction Co., 207 Mich. 586, 175 N. W. 120; Stephenson v. State Industrial Commission (Okl.) 192 Pac. 580. As to the second ground of objection to this issue, we do not think there was any error in the failure of the court to include in the submission of the issue the inquiry as to whether it was a "special case." The Legislature prescribed what constituted such special cases, and "where, in the judgment of the board, manifest hardship and injustice would otherwise result," such a special case is presented.

[5] The sixth proposition complains that the court refused to grant appellant a continuance on the ground of surprise caused by new allegations contained in the second amended answer of the appellees. The allegations which are claimed to have caused this surprise are only more detailed statements of facts which had already been alleged in appellees' first amended answer, and which we think would have permitted them to introduce all the evidence which they would have been permitted to introduce under the allegations of the second amended answer. The appellant had already announced ready for trial on the issues made by the allegations of the first amended answer, so we do not think the court committed any error in this matter.

[6] It is contended under the seventh proposition that the judgment is excessive in the sum of $42.04. This contention is based on the claim of incorrect calculations made by the court in arriving at the amount of discount to be allowed in computing the lump

sum to be paid in lieu of weekly payments. We do not think we would be authorized to say as a matter of law that there is any such error in the judgment. Workmen's Reciprocal Association v. Behnken, 226 S. W. 157, 158.

We are inclined also to think that the assignment itself is not sufficient to present this point. The assignment is that:

"The court erred in rendering the judgment which it did render herein, said judgment neither following the pleadings in the case nor the verdict of the jury, nor is the same in accordance with the law with reference to the workmen's Compensation Act."

This was the objection made in the motion for new trial. If appellant's counsel had in mind the objection which he now urges under the assignment, the language of his objection was not calculated to call it to the attention of the trial court, and such objections made for the first time on appeal are not regarded with favor. Schuster v. Frendenthal, 74 Tex. 53, 11 S. W. 1051.

[7] It is also contended that there was fundamental error committed in the election of W. I. Gamewell, who acted as special judge at the term of court at which this case was tried and presided over its trial. It appears that the regularly elected district judge of Moore county was not present on the day fixed by law for the convening of the term of the court at which this case was tried, but sent word that he would not be present at such term, and a special judge would have to be elected. There were only four lawyers present at the time fixed for the convening of the court, the district attorney, W. I. Gamewell, and the two opposing attorneys in this case. The said Gamewell attended court "for the purpose of acting as special judge" at such term. The election was regularly held, and the said Gamewell elected as special judge. The appellant's attorney did not participate in the election. The objection raised to the proceeding is that the election of the said Gamewell was forced; that the district attorney could not act; the two attorneys who expected to try this case were disqualified, and were necessarily confined to the election of the said Gamewell, so that the "plaintiff had no choice in the selection of a special judge, as contemplated by law. We do not think there is anything in this contention. The election was for a special judge for the term; other business was to be transacted besides the trial of this one case. There was no legal obstacle to the election of any one of the attorneys in attendance upon the court except possibly the district attorney. Of course the election of one of the attorneys in this case would have

meant his disqualification to try this particular case, but the fact that he was such attorney did not disqualify him from being elected as special judge for the term.

This disposes of all of the propositions advanced by the appellant. We find no reversible error presented, and the judgment will be affirmed.