### TEXAS EMPLOYERS' INS. ASS'N v. CHEEK.
### No. 1144.

Court of Civil Appeals of Texas. Eastland.
Sept. 22, 1933.

Rehearing Denied Oct. 20, 1933.

W. M. Cramer, of Dallas, and Woodward & Coffee, of Big Spring, for plaintiff in error.

White & Yarbrough, of Dallas, for defendant in error.

HICKMAN, Chief Justice.

This case arose under the Workmen's Compensation Law. Defendant in error was the employee, John Guitar the employer, and plaintiff in error the insurance carrier. In the trial below, on an appeal by defendant in error from the award by the Industrial Accident Board, judgment was rendered in his favor for $2,354.80 to be. paid in a lump sum. The assignments of error will be considered in their order.

The first assignment presents this question: Special issue No. 4 submitted by the court to the jury was as follows: "Do you find from a preponderance of the evidence that payment of compensation, if any, to Plaintiff M. D. Cheek by the Defendant, Texas Employers Insurance Association, in weekly installments instead of in a lump sum (if compensation is due to be paid to the plaintiff by said defendant) will result in a manifest hardship and injustice to the plaintiff? Answer Yes or No. Answer: Yes." To this issue the plaintiff in error timely filed the following objection: "Defendant objects and excepts to Special Issue No. 4 on page 10 for the reason that same is not a correct issue on the question of lump sum settlement of compensation for the reason that same is misleading to the jury and leads the jury to believe that it is the duty of the Texas Employers Insurance Association to pay lump sum settlement, when under the law the payment is to be made weekly only and only in special cases where manifest hardship and injury will result to the Plaintiff is a lump sum to be decreed to the claimant, or the plaintiff in this case."

Article 8306, § 15, Revised Statutes 1925, authorizes the award to be made in a lump sum in special cases where the claimant has suffered total permanent incapacity and where, in the judgment of the board, manifest hardship and injustice would otherwise result. As is well stated in Millers' Indemnity Underwriters v. Green (Tex. Civ. App.) 237 S. W. 979, 981, "The Legislature prescribed what constituted such special cases, and 'where, in the judgment of the board, manifest hardship and injustice would otherwise result,' such a special case is presented." We believe the issue as submitted fairly presented the question to the jury as against the objection urged thereto, and assignment of error No. 1 is overruled. United States Fidelity & Guaranty Co. v. Vogel (Tex. Civ. App.) 284 S. W. 650; Texas Employers' Insurance Association v. Tabor (Tex. Civ. App.) 274 S. W. 309; Millers' Indemnity Underwriters v. Green, supra.

The second assignment of error presents this question: While the attorney for defendant in error was making a statement to the jury panel, preceding his voir dire examination of the jury, he used the following language: "He alleges that his average weekly wage was—but we have an agreement on that—that he was entitled to the minimum compensation rate." Objection was made to that statement in this language: "That the agreement referred to specifically set out that it was not to be called to the attention of the jury and was for the court only and not for the jury, and the calling of the same to the attention of the jury, or in fact, the calling of any kind of agreement of the parties to the attention of the jury were discussed at the time the agreement was signed, and at the time the qualifications were put into the agreement that said discussion had at the time said agreement was made was with reference to placing said qualifications in said agreement, that the said agreement was signed with the strict understanding that the reading of any kind of an agreement of the Insurance Company to the jury would be prejudicial to the defendant before the jury; that the plaintiff's attorney understood said agreement and the reason for said agreement and that it was made for his benefit alone, and with understanding." The trial court sustained the objection and instructed the jury not to consider the statement. The defendant in error was awarded compensation at the minimum rate of $7 per week. The undisputed evidence disclosed that his wages were $2 per day and that he worked six days per week. If it be conceded that counsel erred in referring to an agreement between the parties, his reference had nothing to do with any of the issues passed on by the jury and could not have possibly prejudiced the rights of plaintiff in error. This assignment is overruled.

Assignment No. 3 presents a question of improper argument of counsel. The attorney stated to the jury in substance as follows:

"Dr. Root had not made an examination of the plaintiff and that defendant had not secured him to make a physical examination of the claimant." The objection urged to this statement of the attorney was based upon an agreement between the parties under the following circumstances: The defendant in error resides in Mitchell county. Four or five days before this case was tried, the plaintiff in error requested him to submit himself to an examination by Dr. Sam Webb in Dallas. Defendant in error contended that the request was made at an unreasonable time and that Dallas was an unreasonable place and, in view of such facts, he agreed to submit himself to such examination by Dr. Webb in consideration that plaintiff in error agree that it would not thereafter ask for or seek to obtain an examination of defendant in error by any doctor other than Dr. Webb. This agreement was reduced to writing. The objection to the argument was sustained and the remarks withdrawn by the court from the jury with instructions not to consider the same. Dr. Root testified as an expert witness, and his testimony discloses that the statement of the counsel was literally true. If the argument was improper, it is not so because it was unfaithful to the record. By article 8307, § 4, provision is made whereby the association may have the privilege of having any injured employee examined "by a physician or physicians of its own selection, at reasonable times, at a place or places suitable to the condition of the injured employee and convenient and accessible to him." Dr. Root resided in Mitchell county, and Dr. Webb resided in Dallas county. The association chose to have the examination made by Dr. Webb. It is doubtful if Dallas was a place suitable, convenient, and accessible to the employee. At any rate, he claimed that it was not. The plaintiff in error was not prevented, by the agreement, from choosing Dr. Root instead of Dr. Webb in the first instance. Besides, if the argument was improper under the circumstances, it was not of such damaging character as that its harmful effect was not removed by the court's instruction.

Assignment of error No. 4 presents the question that it was error to permit a doctor in connection with his testimony to go to the window of the courtroom and exhibit to the jury X-ray pictures taken by such doctor of certain bones in the body of defendant in error. The testimony discloses that the pictures were properly identified by the doctor who made them, and it seems to be a settled rule of law in this state that such pictures, when sufficiently identified and shown to be correct, are admissible. No reason is perceived for excluding them. This assignment is overruled. 17 Tex. Jur. § 317, and authorities there cited.

Assignments of error Nos. 5 and 6 present the contention that Dr. M. D. Fry, a witness for defendant in error, who examined him for the purpose only of testifying in this case, was permitted to testify as to the history of the case as detailed by the defendant in error and to testify as to conditions found by such examination, which testimony was based upon hearsay, self-serving declarations and the history given to the doctor by the claimant. We have examined the record of the testimony given by this doctor and agree with the contention of defendant in error that same does not support the assignments. It would be of no profit to detail all of the evidence objected to, but an examination of the record convinces us that the trial judge sustained objections to each answer of the witness which was based upon the history of the case as related to him by the claimant, and such portions of the deposition of the witness were not read to the jury.

Each of the assignments of error has been considered, and, since no one of them has been sustained, it follows that the judgment of the trial court should be affirmed. It is accordingly so ordered.