STANDARD ACCIDENT INS. CO. *v.* CARLSON.

1. INSURANCE—WORKMEN'S COMPENSATION—WAIVER OF NOTICE.

Insurer under workmen's compensation act may waive requirements that notice of injury to employee be written and immediate (2 Comp. Laws 1929, § 8407 *et seq.*).

2. SAME—CONDUCT OF DEFENSE OF INSURED—WAIVER—ESTOPPEL.

An insurer who conducts defense of action against its insured as required by its policy, without giving notice to insured of denial or reservation of liability for breaches then known to it, is subject to defense of waiver or estoppel.

3. SAME—DISCLAIMER OF LIABILITY—NOTICE TO EMPLOYER.

Insurer under workmen's compensation act is a party to proceedings to collect compensation and is liable for the award and may protect its own interests by defending without waiving its claims against insured, but only where it defends specifically and exclusively for itself, and denies liability or gives notice of claim promptly in order that insured may make independent defense in such proceedings (2 Comp. Laws 1929, § 8407 *et seq.*).

4. SAME—DISCLAIMER OF LIABILITY—WAIVER—ESTOPPEL.

In insurer's suit against insured employer to recover sums paid in proceedings brought under workmen's compensation act for failure to give immediate written notice to insurer, latter *held*, subject to defense of waiver or estoppel where it undertook defense of proceedings without denying liability to, or giving notice to, insured that it defended exclusively for itself (2 Comp. Laws 1929, § 8407 *et seq.*).

Appeal from Marquette; Bell (Frank A.), J. Submitted January 9, 1935. (Docket No. 30, Calendar No. 36,736.) Decided April 8, 1935.

Assumpsit by Standard Accident Insurance Company, a Michigan corporation, against Charles A.

Carlson for breach of a condition of an insurance policy. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Derham & Derham,* for plaintiff.

*L. E. Garvin* and *P. H. Garvin,* for defendant.

Fead, J. In 1925 plaintiff issued to defendant a policy covering his liability as employer under the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*). An employee of defendant was injured January 25, 1926, died June 3d, and in 1927 his dependents were awarded compensation by the department of labor and industry. Plaintiff has paid $1,530, besides doctor bills, upon the award. This action is to recover the sums so paid by it, on the ground of breach by defendant of the following condition of the policy:

"This employer, upon the occurrence of an accident, shall give immediate written notice thereof to the company with the fullest information obtainable. He shall give like notice with full particulars of any claim made on account of such accident."

Defendant obtained the policy from Charles Dolf at Marquette, who countersigned it as "resident representative in Michigan."

Defendant learned of Bell's injury the latter part of March. He claims he gave Dolf verbal notice of it the forepart of April. Dolf denies such notice. June 28th, through Dolf, defendant gave plaintiff written notice of Bell's injury and death, which was received at plaintiff's home office on July 1st, without objection as to form or time and without claim of infirmity. The issue as to Dolf's receipt of the verbal notice was found by the jury in favor of defendant, who had judgment.

Questions are raised of the authority of Dolf to receive notice of injury on behalf of the company and the sufficiency of verbal notice under the policy requirement for written notice. But we need not discuss them because defendant is entitled to judgment on the ground of waiver or estoppel. We state the defenses in the alternative to avoid the necessity of tracing the hair line distinction between them.

August 24th, in proceedings by Bell's dependents for compensation, Mr. Ray Derham filed denial of liability on behalf of both employer and insurer. Hearing before a deputy commissioner was had January 21, 1927, compensation awarded, appeal taken to the commission March 29th, award affirmed June 29th and petition for certiorari made to this court and denied October 12, 1927. In all the proceedings both parties were named as defendants and Mr. Derham appeared ostensibly for both. The policy required defendant to defend all suits and proceedings in the name of and on behalf of defendant. There was no showing that plaintiff did not conduct the defense for defendant as well as itself in accordance with its contract; that it refused to defend on defendant's behalf, claimed to be defending exclusively for itself or warned him to make separate defense; nor that, prior to commencement of this suit in October, 1928, plaintiff denied liability upon the policy or made claim to defendant of breach of contract.

An insurer may waive both the requirement for written notice and also the time element therein. 76 A. L. R. pp. 25, 128, note; *Vandervliet* v. *Standard Accident Ins. Co.,* 209 Mich. 146. Where an insurer conducts the defense of an action against the insured, as required by its contract, without giving notice to the insured of denial or reservation of lia-

bility for breaches then known to it, such action works waiver or an estoppel against the insurer. *Fidelity & Casualty Co. v. Schoolcraft County Road Com'rs,* 267 Mich. 193.

The application of the rule to policies under the compensation law is somewhat special. Because the insurer is a party to the compensation proceedings and is liable for the award, it is entitled to protect its own interests, by defending, without waiving its claims against the insured. *Wisconsin-Michigan Power Co. v. General Casualty & Surety Co.,* 252 Mich. 331 (76 A. L. R. 1). In the latter case, however, it will be noted that the insurer, immediately upon ascertaining the breach, notified the insured to defend for itself. This phase of the case is important. There is no reason for an exception in the rule of waiver or estoppel, arising out of defense by the insurer in compensation cases, where the insurer defends on behalf of the insured. The exception is valid only when the insurer defends specifically and exclusively for itself. The fact that insurer and insured have independent liabilities to the injured employee renders it particularly imperative, in the interests of fair play, that an insurer who claims a breach of the contract by the insured shall deny liability or give notice of claim promptly in order that the insured may protect himself by an independent defense in the compensation proceedings. Conduct of the defense of the insured by the insurer is an affirmance of the contract as in full force and the assured may so rely in the absence of notice.

Affirmed, with costs.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.