## CONSOLIDATED UNDERWRITERS v. LEE.

### No. 1658.

Court of Civil Appeals of Texas. Eastland.
April 16, 1937.

Rehearing Denied May 21, 1937.

484

C. A. Lord, of Beaumont, for appellant.

Jones & Jones, of Marshall, and Smith & West, of Henderson, for appellee.

LESLIE, Chief Justice.

This is a workmen's compensation case in which Frank Lee, the injured employee, recovered a judgment in the trial court against the Consolidated Underwriters, appellant here. Many questions are raised, and in the disposition of each of them the pertinent portions of the record will be stated.

The appellant's first contention is that the appellee introduced no evidence that the Industrial Accident Board made any final award on his claim, or the date thereof. The original statement of facts, plus the supplemental statement of facts filed under the order of this court (City of San Antonio v. Ashton, 135 S.W. 757), answer this contention in favor of the appellee, showing that a final award was made January 24, 1934. The fourth ground of appellant's motion for new trial also recites: " * * * the plaintiff has introduced in evidence the judgment and award of the Industrial Accident Board, based upon said notice and the said claim for injuries. * * *"

Propositions 2, 3, and 5, in effect, involve the same questions and will be considered together.

In the second, the contention is made that the appellee alleged he was injured in the course of his employment for "Robinson-Hicks Drilling Company" or of the Robinson-Hicks Drilling Corporation, but introduced no evidence (a) that he was so injured while working for Robinson-Hicks Drilling Company, and (b) that he had given any notice or filed any claim with the board for such injury while working for the Robinson-Hicks Drilling Corporation.

The third is that no proof was made by appellee of (a) notice, (b) claim for compensation for injuries sustained in the employ of Robinson-Hicks Drilling Corporation, or (c) award of board on such claim.

The fifth proposition in substance the same, asserts that appellee failed to establish that the board made award and claim for injury while he was employed by said corporation.

Apparently the plaintiff not being certain as to whether the subscriber (Robinson-Hicks Drilling Corporation) was a corporation or a partnership filed his petition on appeal from the award of the board with appropriate alternative allegations concerning the subscriber as a company or a corporation. Obviously, the above contentions raising questions of a jurisdictional nature are based upon principles of law announced in Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084, Travelers' Ins. Co. v. Peters, et al. (Tex.Com.App.) 14 S.W.(2d) 1007, and others of like import. Further, these contentions, as well as others to follow, appear to be predicated fundamentally upon the fact that although the true name of the subscriber is Robinson-Hicks Drilling Corporation, such employer's name in the notice of injury to employer and Industrial Accident Board was given in one place as "Robinson Hicks Drilling Company" and in another as "Robinson & Hicks Drilling Company."

The claim for compensation for the injury filed with the board was directed to "Robinson & Hicks Drilling Company" as employer, and states the injury was sustained November 3, 1933, while in the employ of "Robinson & Hicks Drilling Company." On filing the claim the board gave it the number "T-3145" and docketed it: "Frank Lee, Employee, v. Robinson-Hicks Drilling Company, Employer, Consolidated Underwriters, Insurer."

The certificate of the secretary of the Industrial Accident Board certifies that in that department the appellee's claim "is numbered and styled Frank Lee, Employee, v. Robinson-Hicks Drilling Company (Corporation), Employer."

On January 24, 1934, award was made on the claim, and the employee, through his attorneys Jones & Jones referred by the

board's number to the claim, gave notice of appeal stating: "In re Frank Lee v. Robinson-Hicks Drilling Company." December 7, 1933, the appellant wrote Jones & Jones under its private claim number "No. C237765" (assigned the claim by it) and designated it "Frank Lee v. Robinson-Hicks Drilling Co.," stating therein that its traveling adjuster would call to consider with them "claim of Frank Lee, employee of the Robinson-Hicks Drilling Company."

On the other hand, "Notice that the Employer Has Become a Subscriber," as addressed to the Industrial Accident Board, designates the employer as "Robinson-Hicks Drilling Corporation."

The appellant (Consolidated Underwriters), on December 26, 1933, wrote the Industrial Accident Board concerning this claim recognizing the board No. T–3145, and also referred to it by its claim No. C237765, and styled the claim Frank Lee v. Robinson-Hicks Drilling Corporation. This letter by the appellant identified the same injury, gave its date, November 3, 1933, referred to the same injured employee, stated he had been confined in the East Texas Hospital at Kilgore from the date of his injury until November 18th, and was then in the care of doctors. This letter by the appellant stated and admitted that it had already furnished the appellee the medical attention and hospitalization required of it under the Workmen's Compensation Law (V.T.S.1936, art. 8306 et seq.), and requested the Industrial Accident Board to enter no further orders in the case allowing additional medical attention without permitting a hearing and giving notice to appellant. Appellant stipulated in open court it had paid expenses of medical treatment for Frank Lee.

The title "company," "corporation," "Co.," and "Corp." seems to have been used promiscuously and interchangeably by both parties, but undoubtedly the record, when analyzed, conclusively shows Frank Lee to be the injured employee of Robinson-Hicks Drilling Corporation, the subscriber, and the appellant, Consolidated Underwriters, the insurance carrier.

Notice of the injury was given to those legally entitled to the same, and the claim was properly lodged with the Industrial Accident Board as a charge against the carrier of insurance for Robinson-Hicks Drilling Corporation.

■ We regard the above propositions as involving a mere misnomer in the manner in which the name of the employer was designated. The same is harmless and in no way misled any one in regard to anything connected with the injury, notice thereof, claim therefor, etc. The Industrial Accident Board handled the claim without confusion, and the appellant responded to every notice or summons involving this particular claim. As pointed out, it acknowledged liability for needed care and hospitalization under the compensation law of this state. Upon the claim as filed with the board, it requested affirmative action should claim for additional hospitalization be made, etc. Upon the record shown, we have no doubt that jurisdiction was fully conferred upon the board to hear and dispose of this claim, and later under the steps taken to set aside the award, jurisdiction was acquired by the district court.

Apparently these numerous contentions, notice of injury, filing of claim, etc., are based upon the matters involving the misnomer above disposed of.

■ Concluding that Robinson-Hicks Drilling Corporation is conclusively shown to be the employer of the employee, and that they carried a policy with the appellant covering his injury at the time it occurred, it necessarily follows this corporation is not able, under the undisputed testimony, to make any valid contention against the binding effect of notice, filing of claim, and other jurisdictional steps taken with reference to the same.

■ Actual and formal notice of the injury were given the subscriber and appellant within thirty days of the injury. The employee was taken to the hospital and appellant provided the medical care and attention needed. The subscriber's agent in charge of the work knew of and ministered to the employee at the time of his injury. In matters of notice these actions were sufficient. Texas Emp. Ins. Ass'n v. Bradshaw (Tex.Civ.App.) 27 S.W.(2d) 314; Ocean Acc. & Guarantee Corp. v. Nance (Tex.Civ.App.) 25 S.W.(2d) 665; Traders & General Ins. Co. v. Rhodabarger (Tex.Civ.App.) 93 S.W.(2d) 1180; Georgia Cas. Co. v. Ginn (Tex.Civ.App.) 272 S.W. 601.

The appellee's injury occurred November 3, 1933. Notice was given and claim was filed with the board in statutory time. The board made award January 24, 1934. Notice of dissatisfaction with the award and appeal from the same was given February 5, 1934. Suit was filed February 20, 1934.

Issues were joined therein by appellant February 28, 1934. All these actions took place before the expiration of six months' time from the date of the accident.

In Public Indemnity Co. v. Pearce (Tex. Civ.App.) 56 S.W.(2d) 906, it was held that the final decision of the board in a compensation case clearly within six months from the injury raised a presumption of timely filing of claim. It was also there held that the Industrial Accident Board is presumed to conduct its business lawfully. See, also, Texas Emp. Ins. Ass'n v. Adcock (Tex.Civ.App.) 27 S.W. (2d) 363.

■ If the matters above discussed and regarded as involving immaterial misnomer be held to present a question of variance rather than misnomer, the result would be the same.

In Security Union Ins. Co. v. Gullett (Tex.Civ.App.) 36 S.W.(2d) 1085, it is held that "Variance between pleading and proof is never material, in absence of surprise." No surprise to any of the parties involved is reflected by the testimony in this case either by reason of the misnomer or variance. Upon the question of variance deemed harmless, see McDonald v. Cabiness, 100 Tex. 615, 102 S.W. 721; Kelsey v. Myers (Tex.Civ.App.) 29 S.W. (2d) 855.

■ In substance, the fourth proposition is that "The plaintiff's petition shows on its face that it was filed in the district court of Gregg County * * * and there are no * * * facts alleged in said petition that would show that the district court of Rusk County could have jurisdiction of the case, it being in no way alleged that the suit was filed either in the district court of Gregg County within 20 days after the notice that the plaintiff would not abide by the judgment of the Industrial Accident Board, or that it was filed within said time in the district court of Rusk County or that the District Court of Gregg County ascertained that it did not have jurisdiction to render judgment upon the merits of the case, or that the case was transferred from Gregg County to the proper court in the county where the injury was alleged in the plaintiff's petition to have occurred, or that notice of such transfer was ever given to the parties as required by statute."

The petition in the usual form for compensation cases was filed in Gregg county and the injury is alleged to have occurred in Rusk county. In response to plaintiff's motion under article 8307a, V.T.S.1936, the original case was duly transferred from Gregg county to the district court of Rusk county, found to be the locus of the injury. The order of transfer recites the facts fully and finds its proper place in the transcript. Trial was had in the district court of Rusk county. Plaintiff's petition alleges that within the time allowed by law, or twenty days, plaintiff gave proper notice of dissatisfaction with said award, of his intention to appeal therefrom and set the same aside. The original petition discloses that the suit was filed within twenty days (sixteen days) after the notice of dissatisfaction, etc.

Article 8307a, supra, was complied with and contains this language: " * * * said [transferred] suit when filed in the court to which the transfer is made, shall be considered for all purposes, the same as if originally filed in said court." Under the statute and circumstances, we conclude there was no necessity for the appellee to file in the district court of Rusk county new pleadings reciting the history of the case and the transfer from Gregg county to Rusk county. The transcript reflects the different stages of the litigation. So does the statement of facts. The petition presents a cause of action.

■ The sixth proposition is to the effect that the plaintiff having alleged he sustained injuries in the course of his employment for Robinson-Hicks Drilling Company or Robinson-Hicks Drilling Corporation, the court should have submitted to the jury a special issue requiring it to find whether the plaintiff sustained his injuries in the course of employment for the Robinson-Hicks Drilling Company.

The seventh point somewhat reverses the order complaining that such an issue should have been submitted with reference to the appellee's employment with the Robinson-Hicks Drilling Corporation. The point in each instance was raised in the trial court by mere "objections and exceptions to the court's charge as a whole."

The uncontroverted facts disclosed in the discussion of propositions 2, 3, and 5, and the dispositions made of said points are material here and require the overruling of these propositions. However, if it be conceded that there was any evidence raising such issues and that the court (as contended by appellant) failed to submit such issues, we have concluded that the prop-

ositions are without merit. Mere objections under the circumstances do not preserve the point. As said in Wichita Valley Ry. Co. v. Minor (Tex.Civ.App.) 100 S.W. (2d) 1071, 1072, "Conceding that the appellant was entitled to the issue, it merely excepted to the action or ruling of the court in omitting to give the issue, and did not formulate an issue presenting the question and request the court to submit the same to the jury. Such objection and exception under the circumstances do not entitle the defendant to a review by the appellate court of the alleged error of the trial court in failing to submit said issue. Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183; Harris v. Thornton's Dept. Store (Tex.Civ. App.) 94 S.W.(2d) 849; Harris v. Leslie (Tex.Sup.) 96 S.W.(2d) 276."

By the eighth proposition the contention is made that the judgment should not have been entered in favor of the appellee because there is no finding of the jury that the appellee ever received in the course of his employment injuries while working with the Robinson-Hicks Drilling Corporation. This contention is substantially predicated upon the misnomer or harmless variance discussed in the first part of this opinion.

The appellee testified positively and in harmony with his pleadings that his injuries were received in the course of his employment with Robinson-Hicks Drilling Corporation. The circumstances reflected by the testimony in no way discredit the appellee's evidence in this respect, but corroborate it. But, aside from that, the many other independent and undisputed facts, such as recognition of liability, payment of hospital claims, etc., set out in this opinion in the discussion of propositions 2, 3 and 5 fully establish that the appellee at the time of his injury was an employee of the Robinson-Hicks Drilling Corporation, and injured in the course of such employment while appellant was compensation insurance carrier.

It is well settled that undisputed facts need not be submitted to a jury for a finding. Fidelity & Cas. Co. of New York v. Branton (Tex.Civ.App.) 70 S.W. (2d) 780.

There are many authorities holding that an insurance carrier recognizing an injury by making partial payments of compensation to an employee will not be permitted to deny liability under a workmen's compensation policy. As said in Security Union Ins. Co. v. Gullett (Tex. Civ.App.) 36 S.W.(2d) 1085, 1087, "The defendant at no time ever denied its liability to this plaintiff, but had actually paid him some compensation. It had paid his hospital bills and doctors' bills." Upon this point and the effect of such action by the carrier, see Georgia Cas. Co. v. Ginn (Tex. Civ.App.) 272 S.W. 601, Traders & General Ins. Co. v. Rhodabarger (Tex.Civ. App.) 93 S.W.(2d) 1180, and other authorities cited in this opinion.

In this case the plaintiff sought recovery on the basis of total and permanent incapacity resulting from the injury and the defendant responded merely by general and special denial. Under the evidence and these pleadings, the ninth contention is to the effect that the court "erred * * * in failing to submit directly and unconditionally a special issue to the jury requiring the jury to find whether the total incapacity to perform work sustained by the plaintiff was only temporary rather than permanent. * * *"

The tenth raises a similar question that "The court erred * * * in failing and refusing to submit to the jury any special issue requiring the jury to find whether the injury sustained by the plaintiff had or would result in partial incapacity rather than in total and permanent incapacity."

Point 9 raises the question of total temporary incapacity as contradistinguished from total permanent incapacity, and point 10 raises the question of partial incapacity as contradistinguished from total incapacity. The questions raised must be answered from a substantial statement from the record.

Omitting formal parts and definitions, the court submitted the following issues:

"(1) Do you find from a preponderance of the evidence that the defendant had issued to the employer of Frank Lee a policy of workmen's compensation insurance, which was in force and effect at the time of the injury of Frank Lee? Answer yes or no. Answer Yes.

"(2) Do you find from a preponderance of the evidence that the total incapacity sustained by the plaintiff on November 3, 1933 was permanent? Answer yes or no. Answer Yes."

Then follows a definition of "total incapacity" and the court then states:

"If you have answered special issue No. 2 'yes' then answer this issue; if you have answered it 'no' you need not answer the following:

"(3) Do you find from a preponderance of the evidence that a manifest hardship and injustice will result to the plaintiff, if the compensation, if any due him, be not paid in a lump sum? Answer yes or no. Answer yes.

"If you have answered special issue No. 2 'yes' then you need not answer the following special issue; but if you have answered special issue No. 2 'no' then answer the following special issue:

"4. For what period of time, if any, do you find from a preponderance of the evidence that the total incapacity to labor, if any, of the plaintiff Frank Lee has continued or will continue after November 3, 1933? Answer in number of weeks, if any, not to exceed 401. Answer ———.

"If you have answered special issue No. 2 'no' then answer the following issue; if you have answered it 'yes' then you will not answer this issue:

"(5) Do you find from a preponderance of the evidence that the injuries, if any, received by the plaintiff Frank Lee on November 3, 1933, resulted or will result in partial incapacity to plaintiff Frank Lee? Answer yes or no. Answer ———."

Then follows (1) definition of "partial incapacity," (2) an inquiry whether it is permanent, (3) an inquiry as to its duration if found not to be permanent, (4) and an inquiry as to "extent or degree of partial incapacity," etc., as the result of the alleged injuries. None of these issues were answered because the court instructed the jury that they need not be answered if they gave a certain answer to issue No. 2, as above pointed out.

Under proposition 9 complaining that the court did not submit an issue to the jury for its determination of whether or not the injuries were "temporary," we find that the appellant's only objections to the charge or issues are as follows: (1) (seventh exception): "The defendant * * * excepts to special issue No. 2 (involving permanent incapacity) because said special issue submits only a question with reference to plaintiff's contention and does not submit a special issue as to whether the incapacity sustained was permanent or whether it was temporary."

The tenth exception to the issues reads: "The defendant * * * excepts to the court's charge as a whole because (a) it does not submit to the jury any special issue requiring the jury to find whether the total incapacity to perform work sustained by the plaintiff was only temporary and (b) the defendant now requests the court to prepare in proper form and submit to the jury special issue" calling for such finding, etc.

Obviously issue No. 2 proceeded upon the theory that the injury produced total incapacity. No objection whatever was made against this manner of submission. Objection No. 1 just stated is without merit for the reason that issue No. 2 at least presented an ultimate issue from the standpoint of the plaintiff. It could not have well inquired in the same issue whether the injury was permanent or temporary. No error is pointed out.

The further exception (tenth) to the charge upon which proposition 9 is also based, merely complains that the court did not submit to the jury any special issue requiring the jury to find whether the total incapacity to perform work sustained by the plaintiff was only temporary. This objection is insufficient to point out error. The court did in fact submit such issue in "special issue" No. 4. However, the court submitted that issue "conditionally" and had the exception been leveled at the "conditional" nature of the submission, it would have presented a more serious question. The objection was too general to be helpful to the trial court. No contention is made that the court erred in the submission of issue No. 4 conditionally. The only vice, if any, involved in the question was not pointed out in a specific way to the trial court. Panhandle & S. F. Ry. Co. v. Brown (Tex.Civ.App.) 74 S.W.(2d) 531.

Returning to the tenth proposition, it is urged that the court failed to submit an issue calling for a finding upon whether or not the plaintiff's injuries produced partial incapacity. Here, as noted, we have the question of partial incapacity as contradistinguished from total incapacity.

The appellant's (fourteenth) exception to the charge reads: "(a) the defendant objects and excepts to special issue No. 5 (presenting issue of partial incapacity) directing the jury not to answer said special issue if they have answered special issue No. 2 'yes,' because said special issue as

to whether the injuries sustained by the plaintiff resulted in partial incapacity should be submitted to the jury without any condition being imposed; that is, without reference to how the jury may have answered special issue No. 2" (b) follows request to the court to prepare and submit an issue inquiring "whether the injuries received by plaintiff resulted in partial incapacity and as to when such partial incapacity commenced. * * *"

We think these exceptions to the charge (originally submitted to the counsel and later to the jury) strike at the vice, if any, by reason of the "conditional" statement or submission of issue No. 5. We are inclined to the view that this proposition should be sustained, were it not for the condition of the record in the following respect: It appears to be an undisputed fact that at the trial (and some time after the occurrence of the injury) the appellant's counsel stated in open court that the injury "did result in total incapacity for a time * * * a matter of weeks * * *. If there is any incapacity it is not total in its nature and has not been since four or five or six months—weeks after the young man was injured * * * and has not hau since some four or five or six weeks after he was injured. That is our line of proof. That is our attitude. * * * We are not saying that there was no injury. We are not saying that there was no total incapacity for a time. * * *" The undisputed testimony corroborates these statements.

■ In such state of the record, compliance with appellant's objection would merely have been submitting to the jury the negative of an undisputed or conceded fact. It is not believed that the particular objection made to the charge established error in the court's submission of the issue. Wichita Valley Ry. Co. v. Williams (Tex.Civ.App.) 6 S.W.(2d) 439. By reason of the circumstances noted, the language of the proposition is not supported by the objection to the charge.

The eleventh proposition is to the effect that "the court erred * * * in failing and refusing to submit to the jury a special issue requiring the jury to find whether the total incapacity of the plaintiff resulting from his injuries had terminated, said issue being raised by the evidence under the pleadings, and the defendant having duly and timely objected to the court's charge. * * *" The objection is made to the charge as a whole and reads: "(a) it does not submit to the jury any special issue requiring the jury to find whether the total incapacity of the plaintiff, resulting from his injuries has terminated." Then follows the request to the court to prepare and submit such issue. There is an erroneous suggestion in appellant's exception. The court did submit such issue, the same being No. 4, above. However, he did not submit it unconditionally, and the appellant in its exception to the charge does not point out any such vice. We have before us no such question for decision.

■ It is urged as error (twelfth proposition) that the trial court failed to define the word "permanent" as used in special issue No. 2 inquiring whether or not total incapacity, etc., was permanent. We do not believe that the statute requires the definition of this word. We overrule the proposition upon the authority of Bankers Lloyds v. Pollard (Tex.Civ.App.) 40 S.W.(2d) 859 (writ ref.); Commercial Standard Ins. Co. v. Noack (Tex.Civ.App.) 45 S.W.(2d) 798, reversed on other grounds (Tex.Com.App.) 62 S.W.(2d) 72; Lloyds Cas. Co. v. Grilliett (Tex.Civ.App.) 64 S.W.(2d) 1005.

■ It is urged in the thirteenth proposition that the court erred in the manner of submitting special issue No. 3 calling for a finding as to whether manifest hardship and injustice will result to the appellee if he be not paid in a lump sum, etc. We overrule the same on the authority of Texas Emp. Ins. Ass'n v. Cheek (Tex.Civ. App.) 63 S.W.(2d) 1103; Millers' Ind. Underwriters v. Green (Tex.Civ.App.) 237 S. W. 979, 981; United States F. & G. Co. v. Vogel (Tex.Civ.App.) 284 S.W. 650.

■ By the fourteenth proposition the appellant contends that the trial court erred in not submitting to the jury any special issue requiring the jury to find whether the plaintiff is not now able to perform the usual tasks of a workman. This objection made by the appellant to the court's main charge is followed by a request that the court prepare in proper form and submit such issue, etc.

Evidently the court did not submit any such issue and the appellant seeks to preserve the point by a mere objection. On a similar proposition hereinbefore discussed, we cited authorities that the point under such circumstances cannot be so preserved, citing Gulf, C. & S. F. Ry. Co. v.

Conley, 113 Tex. 472, 260 S.W. 561, 32 A. L.R. 1183; Harris v. Thornton's Dept. Store (Tex.Civ.App.) 94 S.W.(2d) 849; Harris v. Leslie (Tex.Sup.) 96 S.W.(2d) 276.

We have heretofore briefly called attention to the nature of the pleadings upon which the plaintiff and defendant went to trial. In the state of this record, we have deemed it unnecessary to indulge at this time in any further discussion concerning the character of defenses which may be properly presented under such answer.

For the reasons assigned, we overrule each of appellant's propositions and affirm the judgment of the trial court.