## FIDELITY & CASUALTY COMPANY OF NEW YORK v. VANTAGGI.

1. WORKMEN'S COMPENSATION—FINDING OF DEPARTMENT—RES JUDICATA—REIMBURSEMENT.

Finding of department of labor and industry that employer had notice of injury on day that it occurred was *res judicata* of question of when employer received such notice in action by workmen's compensation insurer for reimbursement by employer whom insurer claimed had failed to give notice to it pursuant to policy provisions.

2. SAME—BREACH OF INSURANCE CONTRACT—LUMP-SUM SETTLEMENT.

The payment of workmen's compensation in a lump sum, pursuant to direction so to do by the department of labor and industry, would not bar insurer from recovering from the employer for breach of contract as to notice (2 Comp. Laws 1929, § 8438, as amended by Act No. 148, Pub. Acts 1935).

3. SAME—NATURE OF RELATION OF INSURANCE CARRIER.

The carrier of workmen's compensation insurance is a compensated insurer who assumes and agrees to pay the debt of another without reimbursement, not a noncompensated surety whose obligation is secondary, and must pay an injured employee compensation even though the insured employer may be at fault,

4. SAME—FAILURE OF EMPLOYER TO NOTIFY INSURER—INSURER'S LIABILITY TO INJURED EMPLOYEE.

>   The failure of an employer whose employee suffers an injury to give notice thereof as provided in policy of workmen's compensation insurance does not relieve the insurer from liability to the injured employee.

5. SAME—INSURANCE—NOTICE—WAIVER—DAMAGES—BREACH OF POLICY.

>   In action by insurer under a workmen's compensation policy against employer who had failed to give notice to insurer of injury to an employee as required by the policy, where there was no agreement in the policy whereby employer promised to reimburse the insurer, nor waiver by the latter, recovery must be had on the theory of damages suffered because of breach of the notice provision of the policy.

Appeal from Iron; Bell (Frank A.), J.   Submitted January 7, 1942.   (Docket No. 33, Calendar No. 41,789.)   Decided February 11, 1942.

Assumpsit by Fidelity & Casualty Company of New York, a corporation, against Henry Vantaggi for sums paid under a workmen's compensation insurance policy to defendant's employee.   Directed verdict and judgment for defendant.   Plaintiff appeals.   Reversed and remanded.

*Fred F. Murphy,* for plaintiff.

*M. S. McDonough,* for defendant.

BUSHNELL, J.   Plaintiff, the Fidelity & Casualty Company of New York, issued its "standard workmen's compensation and employers' liability policy" to defendant Henry Vantaggi.   This contract of insurance was dated September 20, 1937, and expired a year later.   On November 23, 1937, one Ray Laska, then employed by Vantaggi, suffered an accidental injury which arose out of and in the course of his employment.   On the same day Laska reported the injury to Vantaggi but Vantaggi failed to notify either the department of labor and industry or his

insurer, plaintiff herein. On April 15, 1940, Laska filed a notice and application for adjustment of claim with the department and, on April 19th, plaintiff received a copy of this notice of claim from the department. Plaintiff, on May 17, 1940, orally and by registered letter, informed Vantaggi that, if it subsequently appeared that there had been breach of a provision of the contract of insurance regarding notice, it would look to him for indemnification and reimbursement of all payments which it might be required to make to Laska. Plaintiff also stated that, as provided in the policy, it would appear and defend the compensation proceedings in Vantaggi's behalf. A copy of plaintiff's answer to Laska's claim was inclosed with this letter.

That portion of the insurance contract which plaintiff referred to reads as follows:

"F. This employer, upon the occurrence of an accident shall give immediate written notice thereof to the company with the fullest information obtainable. He shall give like notice with full particulars of any claim made on account of such accident. If, thereafter, any suit or other proceeding is instituted against this employer he shall immediately forward to the company every summons, notice or other process served upon him. Nothing elsewhere contained in this policy shall relieve this employer of his obligations to the company with respect to notice as herein imposed upon him."

After hearing the claim, the deputy commissioner of the department made an award in favor of Laska. Defendant was informed by plaintiff in a second letter dated July 15, 1940, that it intended to appeal from the deputy's award to the department. A breach of the notice provision of the insurance contract was asserted and indemnification and reimbursement insisted upon in event of affirmance of

the award by the department. In this letter plaintiff suggested that Vantaggi might desire to employ his own counsel and, it was stated, that he was thus notified so that he might have ample time to do so. On review, the department held that Vantaggi had been notified of the accident and had failed to report the same to the department. The award of the deputy was modified and affirmed in an order entered October 7, 1940.

Subsequently Laska petitioned the department to be allowed a lump-sum settlement so that he might purchase and operate a restaurant business in order to provide a living for himself and family, as is provided by statute, 2 Comp. Laws 1929, § 8438, as amended by Act No. 148, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 8438, Stat. Ann. § 17.172). Plaintiff approved the ''agreement and petition to redeem liability,'' and, on December 16, 1940, an order was entered by the department providing for the payment of $1,600 to Laska as a lump-sum settlement for the remainder of the compensable period.

Prior to the lump-sum settlement, plaintiff had paid Laska the sum of $1,225.46 as accrued compensation. Plaintiff spent $521.36 for attorney fees, et cetera, in defending the claim and brought this action against Vantaggi for the recovery of its disbursements. Vantaggi denied in his answer that he had received any notice of Laska's injury before the filing of the claim, but the holding of the department that Vantaggi had notice on November 23, 1937, is *res judicata* of this question. *Lumbermen's Mutual Casualty Co.* v. *Bissell,* 220 Mich. 352 (28 A. L. R. 874). Vantaggi admitted that he did not notify plaintiff until the claim was filed on April 15, 1940.

At the trial, the letters above referred to and the records of the department of labor and industry were admitted in evidence. The depositions of three

witnesses are mentioned but these are not included in the record on appeal. On motion of the defendant the trial judge directed a verdict in his favor on the theory "that as a matter of law the insurance company could not on an agreement signed by its attorney, although he used the name of Vantaggi in the agreement, make a settlement of Laska's claim which would be binding upon Vantaggi." The court said:

"In other words, if Vantaggi was bound by that award against him, so was the insurance company. It was Vantaggi's right as well as the right of the insurance company to have the weekly indemnity due Laska paid by the week. He didn't know what might happen between time. He might die or might go bankrupt or there might be any number of reasons why he couldn't be held as time went on, and so when there is no evidence that Vantaggi expressly agreed or consented to this agreement and petition to redeem for a lump sum, I hold that it is not binding upon Vantaggi, and the plaintiff cannot recover for the amount it paid upon such an agreement."

When the trial judge's attention was called to the sum of $1,225.46 plaintiff had paid as past compensation, he said that this matter would be disposed of when the motion for new trial was considered. In the opinion denying plaintiff's motion for new trial, the court held, "As the weekly payments made before the final payment were by the terms of the lump-sum agreement made a part of the agreement they fall with it." The statute, 2 Comp. Laws 1929, § 8438, as amended by Act No. 148, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 8438, Stat. Ann. § 17.172), provides that the department may at any time direct in any case, if special circumstances be found which in its judgment require the same, that

the deferred payments be commuted on the present worth thereof. Plaintiff was, therefore, required by law to make the $1,600 lump-sum payment, *McMullen* v. *Gavette Construction Co.,* 207 Mich. 586, and such payment does not bar its right of action against Vantaggi.

Plaintiff is a compensated insurer who had assumed and agreed to pay the debt of another without reimbursement. It does not occupy the same position as a noncompensated surety whose obligation is secondary, nor is it one who has no contractual obligation to pay but is caught in the web of circumstances through the fault of another. *Maryland Casualty Co.* v. *H. A. Moss & Son, Inc.,* 276 Mich. 219, 230. The situation here is different from that presented in *Oakland Motor Co.* v. *Fidelity Co.,* 190 Mich. 74. Vantaggi's failure to give notice of the accident as provided in his policy did not relieve plaintiff from liability to Laska. *Fidelity & Casualty Co. of New York* v. *Schoolcraft County Road Commissioners,* 267 Mich. 193, 198.

There was no agreement in the insurance policy whereby defendant promised to reimburse plaintiff, and recovery, if any, must be had on the theory of damages suffered by reason of the breach of the notice provision of the policy. The failure of an employer to give notice of an accident as provided for in his policy of insurance is such a substantial breach as to furnish a basis for recovery by the insurer. However, the insurer must show the extent and amount of the damages it has suffered by reason of this breach. In this case plaintiff has not waived its right of action, as was the situation in *Standard Accident Ins. Co.* v. *Carlson,* 271 Mich. 199. See, also, *Wisconsin Michigan Power Co.* v. *General Casualty & Surety Co.,* 252 Mich. 331 (76 A. L. R. 1).

The judgment entered upon the directed verdict is vacated and the cause remanded for a new trial in accordance with this opinion. Costs to appellant.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and SHARPE, JJ., concurred. WIEST, J., did not sit.